## Michael Harrigan v. County of Peoria.

1. TAX SALES—*Insufficient Affidavit.*—An affidavit for a tax deed is
defective which states that the premises were taxed in the name of a
certain estate, and that such estate upon diligent inquiry can not be
found in the county. It should show service of notice upon the repre-
sentatives of the estate, or that upon diligent inquiry they can not be
found in the county.

2. SAME — *Service upon Occupants Must be upon Occupants in
Actual Possession.*—It is not sufficient in an affidavit for a tax deed to
aver service of A and B, "the occupants of said real estate." The affi-
davit must show that they were in actual possession of the land at the
time the notice was served upon them.

3. SAME—*Notice of Affidavit for Deed Must be Given to Party Liti-
gating Title to Same Land in Court.*—Where a party has a suit in the
Circuit Court of the county to assert and enforce his title to real estate,
an affidavit for a tax title of such real estate must show notice to him,
or that upon diligent inquiry he can not be found in the county.

Harrigan v. County of Peoria.

4. SAME—*Insufficient Proof of Publication.*—An affidavit of publication of notice for a tax deed which does not show when nor how many times the notice was published, nor that the certificate of publication attached is true, is not sufficient proof of publication.

5. SAME—*What Decree Enjoining Issuance of Deed Should Contain.*—A decree enjoining a county clerk from issuing a tax deed to land alleged to have escheated to the county, should determine the amount due, and which should be paid by the county for the land, on the certificate of purchase, and subsequent taxes and costs and interest, and should make such payment a condition precedent to making the injunction perpetual.

Bill for an Injunction.—Error to the Circuit Court of Peoria County; the Hon. LESLIE D. PUTERBAUGH, Judge presiding. Heard in this court at the October term, 1902. Reversed and remanded. Opinion filed January 27, 1903.

CHARLES A. KIMMEL, attorney for plaintiff in error.

JACK & TICHENOR, attorneys for defendant in error.

MR. JUSTICE DIBELL delivered the opinion of the court.

This is a writ of error to review a decree entered by the court below in a cause there pending wherein the county of Peoria was complainant and Michael Harrigan and the county clerk of said county were defendants, by which decree the county clerk was perpetually enjoined from issuing a tax deed of certain real estate to Harrigan under an affidavit therefor filed by Harrigan with said county clerk, upon said county making a payment to said Harrigan or to the county clerk for his use.

The premises were formerly owned by Addie Cole. She died intestate. The county of Peoria prosecuted certain proceedings in the Circuit Court in which it obtained a decree declaring the county the owner of said premises by escheat. In its bill in this cause to enjoin the issuing of a tax deed upon said premises it set out said proceedings in escheat to show that at the time when Harrigan was required by law to give notice of the tax sale the escheat proceeding was then pending in said court, and that the county was therein asserting title to the premises, and one Welch, a defendant in said escheat proceeding, was claim-

ing title in himself; and it was averred that Harrigan's affidavit for a tax deed was defective in failing to show notice to the county and to Welch. Harrigan, in his answer and in his assignments of error and argument here, questions the validity of said escheat proceedings and of the title acquired by the county thereunder. If this question properly arises upon this record it involves a freehold and we have no jurisdiction to consider it. But we are of opinion the record does not present the question of the validity of the title held by the county. This is a collateral proceeding in which the validity of the escheat proceeding can not be litigated. The only purpose of complainant in setting out those proceedings was to show that the public records disclosed parties interested in the premises to whom Harrigan was required to give notice. The county, being in possession through its sheriff under a decree establishing title in it, occupied a position which entitled it to redeem from a tax sale and to file a bill to enjoin the issuing of a tax deed upon a defective affidavit, regardless of the question whether its title so held was perfect or defective. Moreover the record shows that Harrigan perfected an appeal from the decree herein to the Supreme Court and the record before us shows that it was filed in the Supreme Court, and counsel for defendant in error state in their brief that the Supreme Court dismissed the appeal for want of jurisdiction. This is not denied by plaintiff in error. It therefore seems that the Supreme Court has already decided that the question of freehold is not properly raised upon this record.

The affidavit for a tax deed is defective. Section 216 of the revenue act requires the purchaser at a tax sale, or his assignee, in order to entitle him to a deed for the real estate so purchased, to serve a notice on every person in actual possession or occupancy of said land or lot, and upon the person in whose name the same was taxed or specially assessed, if upon diligent inquiry he or she can be found in the county, and also upon the owners of or parties interested in said land or lot, if they can upon diligent inquiry be

found in the county, which notice is to be served at least three months before the expiration of the time of redemption from such sale. It further requires that if no person is in possession or occupancy of the land or lot and the person in whose name the same was taxed or specially assessed upon diligent inquiry can not be found in the county, or if the owners of or parties interested in said land or lot upon diligent inquiry can not be found in the county, then such purchaser or assignee shall publish a notice in a newspaper for a prescribed time. Section 217 requires that such purchaser or assignee shall, before he is entitled to a deed, make an affidavit, by himself or agent, of his having complied with the conditions of section 216, stating particularly the facts relied upon as such compliance, and deliver the affidavit to the officer authorized by law to execute such tax deed. Harrigan's affidavit stated that he purchased said premises June 17, 1899, for the general delinquent taxes for the year 1898, and that " Addie Cole Estate, in whose name said lot was taxed for the year 1898, upon diligent inquiry could not be found within the said county of Peoria, and did not reside therein three months prior to the expiration of the time of redemption from said tax sale." Under Harding v. Brophy, 133 Ill. 29, Harrigan was required to serve notice upon the representatives of the estate of Addie Cole, if they could upon diligent inquiry be found in the county. The affidavit does not show that they were served with notice nor that they could not be found in the county. The affidavit averred service of notice upon H. S. Hancock, January 30, 1901, and upon J. S. Foster, January 31, 1901, " the occupants of said above described real estate." It does not state at what time they were the occupants of said above real estate. The affidavit should have shown service of notice upon the person or persons in actual possession at the time the notice was served. (Wisner v. Chamberlin, 117 Ill. 568.) The affidavit did not show that Hancock or Foster were tenants to or in possession under the owner, and notice to them therefore did not show notice to the owner. This defect in the

affidavit could not be obviated by proof in the hearing of this cause. (Esker v. Heffernan, 159 Ill. 38.) The records of the Circuit Court in the escheat proceeding pending at the time notice was required to be given showed that the county of Peoria claimed to be the owner of said premises. No notice was served upon the county. As to publication the affidavit said:

"This affiant further says that he caused a proper notice of said tax sale to be published in the Peoria Evening Star, a certified copy of which is hereto attached to this affidavit."

The certified copy was not in terms made a part of the affidavit. Even if it could be resorted to to ascertain if the notice published was a proper notice, yet the affidavit does not state how many times it was published, nor when, nor does it state that the certificate attached to the copy is true, and therefore it does not appear by the affidavit upon which he relied for his tax deed, that Harrigan complied with the law as to publication. He did not claim to have served notice on any owner. The court therefore properly held that the county was entitled to redeem, and that upon its redeeming the issuing of a tax deed should be perpetually enjoined.

The decree, however, was erroneous in this: it required the county to pay Harrigan "the full amount for which he purchased said premises at said tax sale and all subsequent taxes and costs by him paid, together with legal interest on such payments from the date such payments were made, as the same shall appear on the records in the office of the county clerk of said county in accordance with the practice in cases of redemption from tax sale." The decree did not find the amount for which Harrigan purchased the premises at the tax sale, nor what subsequent costs or taxes he had paid, nor did it determine at what rate the interest should be computed. It did not provide, as it should have done, that if the county did not pay the sum fixed within the time prescribed by the court, the bill should be dismissed. The decree furnished no basis upon

which computation could be made from the face of the decree itself. It apparently made the county clerk (one of the parties to the suit) the judge to determine the various amounts to be paid by complainant. The decree should have been definite and certain in all these respects. (Miller v. Cook, 135 Ill. 190.) The amount to be paid should have been ascertained by proof and fixed in the decree.

The decree is therefore reversed and the cause remanded.