## Michael Harrigan v. County of Peoria.

### Gen. No. 4,637.

1. Suit—*how authority to institute, should be questioned.* The proper method of questioning the authority to institute and prosecute a suit is not by a motion to dismiss, but by obtaining a rule requiring a showing of authority.

2. Suit—*when authority to institute, cannot be questioned.* The authority to institute and prosecute a suit cannot be questioned after the same has been heard upon the merits.

3. Suit—*what- supplies absence of showing of authority to institute.* Where it appears that the plaintiff in a suit has in open court performed an act ratifying the institution and prosecution of the suit, any absence of a showing of authority so to institute and prosecute the same is supplied.

4. Replication—*when filing of, not necessary.* The filing of a replication is waived by submitting the cause for. hearing upon bill, answer and exhibits; and where a replication is so waived, none need be filed.

Bill in chancery. Appeal from the Circuit Court of Peoria county; the Hon. Nicholas E. Worthington, Judge, presiding. Heard in this court at the April term, 1906. Affirmed. Opinion filed October 16, 1906.

Charles A. Kimmel, for appellant.

Robert Scholes, State's Attorney, and Jack, Irwin, Jack & Danforth, for appellee.

Mr. Presiding Justice Dibell delivered the opinion of the court.

The merits of this case were determined in favor of the county in Harrigan v. County of Peoria, 106 Ill. App. 218, to which we here refer for a statement of the pleadings and proofs. While the remanding order seems to have been general, the opinion of this court shows that the only purpose of remanding the cause was to have the court below hear proofs and fix in its decree the amount which the county should pay to redeem from the tax sale to Harrigan, instead of leav-

ing the county clerk to ascertain the amount, as was done in the former decree. After the cause was reinstated in the court below, Harrigan moved to dismiss the suit on the ground that the county board had not authorized it. This motion was heard and denied. Complainant then filed a replication, and on its motion the cause was referred to the master to take and report proofs, and to report the amount Harrigan had paid on account of said original tax sale certificate, with the subsequent costs and taxes paid by him on account of said tax sale, and the amount complainant should pay Harrigan if the tax sale should be set aside as prayed in the bill. Thereafter defendants moved to strike the replication from the files, and that motion was denied. The master gave notice to the parties, heard and reported the proofs, and reported the date and amount of the original tax purchased by Harrigan, that there was no proof that he had paid any subsequent costs or taxes, and that if the tax sale should be set aside complainant should refund to Harrigan the sum so reported and legal interest thereon from the date of the sale. Defendants filed objections to said report, all based upon the proposition that the cause had been heard upon bill, answer and exhibits, and thereby the answer had been taken as true, and therefore complainant had no right to offer testimony before the master and the master had no right to hear or consider such testimony. The master overruled these objections. Defendants then filed exceptions before the court, and they were overruled, and a decree was entered substantially like the former decree, except that it fixed the amount the county should pay Harrigan as a condition to setting aside the tax sale; and the county in open court tendered Harrigan such sum and he refused to accept it, and the court then ordered the money paid to the clerk of the court for Harrigan's use. Harrigan now appeals from that decree.

In support of his motion to dismiss the suit Harri-

gan filed his own affidavit that he had searched the
record of the county board from the first Monday of
December, 1900, to and including July 22, 1901, the
date when the bill was filed, and was unable to find any
record authorizing the state's attorney and the other
solicitors who signed the original bill in this cause to
use the name of the complainant in the institution of
this suit, or to act in any manner for complainant.
There are several reasons why the court did not err in
refusing to dismiss the suit:   (a) The proper motion
in such a case would be to rule complainant's solici-
tors to show by what authority they began and prose-
cuted the suit, and not to move to dismiss the suit; (b)
the motion came too late after the merits of the case
had been determined in this court; (c) the affidavit
did not show that such authority had not been given,
for it might have been given before the first Monday
of December, 1900, or there might have been some pre-
vious action authorizing the state's attorney or some
attorney hired by the county to institute such a suit,
or it might have been properly incident to the former
proceedings set out in the bill of complaint whereby
the real estate in question had been decreed to be es-
cheated to the county; (d) the bill was sworn to by the
chairman of the county board; Harrigan did not show
that such chairman was not authorized to bring the
suit; (e) in any event, by afterwards tendering to
Harrigan in open court the sum fixed by the decree,
the county ratified all that had been done in this cause
in its behalf.   This showed that the suit was prose-
cuted in its name with its knowledge.   That was suffi-
cient to bind the county.   Thompson v. Hemenway,
218 Ill. 46.

Harrigan's contention that it was error to permit a
replication to be filed and error to permit proof to be
heard before the master, is based upon his claim that
the case was originally heard upon bill, answer, and
exhibits, and that the answer was thereby conceded to

be true. This is a misapprehension. Certified copies of all the pleadings and proceedings by which the escheat was established and the title vested in the county, and a copy of Harrigan's affidavit for a tax deed, were attached to the bill of complaint, and those certified copies were the proofs by which the truth of the bill was to be established. When, therefore, the case was originally submitted upon bill, answer and exhibits, that was equivalent to submitting it upon bill, answer and proofs, and by such a submission the answer is not taken as true. No replication, therefore, need have been filed, and there was no error in refusing to strike it from the files. The reference was for Harrigan's benefit, so that if he had paid any subsequent taxes they should be repaid to him with interest. His answer stated the date of the sale and the amount he paid, and the interest could have been computed thereon without a reference. The court added to that amount $1 which complainant admitted Harrigan was entitled to receive for advertising. The proof before the master showed that complainant's solicitor did not know of any subsequent taxes paid by Harrigan. Harrigan had the opportunity and did not prove any other payments, and did not claim in his objections to the master's report that the amount awarded him was insufficient. The amount awarded cannot now be questioned. We find no error in the record. The decree is, therefore, affirmed.

*Affirmed.*