494 P.2d 971

**UTE PARK SUMMER HOMES ASSOCIA-
TION, Incorporated, a corporation,
et al., Plaintiffs-Appellees,**

v.

**The MAXWELL LAND GRANT COMPANY,
a corporation, et al., Defend-
ants-Appellants.**

**No. 9351.**

Supreme Court of New Mexico.

March 10, 1972.

Paul A. Kastler, Raton, for appellants.

Robert S. Skinner, Raton, for appellees.

## OPINION

STEPHENSON, Justice.

Plaintiffs-Appellees (plaintiffs) filed suit alleging that the corporate plaintiff's membership were owners of property in Ute Park cabinsite area as were the individual plaintiffs; that Defendant-Appellant (defendant) had owned, platted and sold the cabinsite area and still owned land designated on the plat as "Golf Course," "Tennis Court" and "Club House"; that the plat "was displayed to plaintiffs and the agents and servants of defendant orally represented to plaintiffs that said tract would be reserved and developed by defendant" for such uses and purposes; that the "representations were part of a plan or scheme of development of such cabinsite area, were material inducing factors in the sale of cabinsites by defendant, and were relied upon by plaintiffs; * * *."

It was further alleged that defendant threatened to sell the tract in question without restriction as to its use or purpose and prayed that defendant be enjoined from making any sale of the tract "without restriction of its use or purpose to golf course, tennis court, and clubhouse uses." Other relief, no longer pertinent, was also sought.

This is a second appeal. See Ute Park Summer Homes Ass'n v. Maxwell Land Gr. Co., 77 N.M. 730, 427 P.2d 249 (1967) (the "first appeal").

On the first appeal, in which plaintiffs sought reversal of an adverse summary judgment, the question presented was:

"* * * [W]hether or not some legal right in, or relative to the use of, the 'golf course' area, which right is properly enforceable by the plaintiffs, came into existence *by the use of the plat and the representations by the defendant's agents in accomplishing the sales of the lots,* and which legally enforceable right is still in existence." 77 N.M. at 733, 427 P.2d at 252. (Emphasis supplied.)

The opinion on the first appeal reversed the summary judgment, holding that:

"* * * [T]he stated facts, if found to be true, would support a right in the lot owners, which is enforceable by plaintiffs, * * *" 77 N.M. at 733–735, 427 P.2d at 252.

Thereafter, trial was had and the court determined the facts to be generally as alleged by plaintiffs and entered judgment in their favor. The court found, inter alia, that some of the lots were sold by use of the plat which bore the alleged notations and that the subject area was referred to by those who showed the lots on behalf of defendant as a place where a golf course would be constructed or which would be used as a playground or recreational area. It is not claimed that these findings were not supported by substantial evidence, although they are attacked on other grounds.

The decree restricted defendant's use of the tract in question "to a golf course, a playground, or a recreation area," and defendant was enjoined from making any sale of the property without such restrictions on its use.

Defendant now draws our attention to the plat, pointing out that it labels the area in question "golf course," as contrasted with the decree, which speaks in terms of "a golf course, a playground, or a recreation area." Whereas in the first appeal defendant asserted that the plat violated the parol evidence rule as being an attempt to vary the deeds, it now asserts that evidence of oral statements and representations made by its agents and servants in conjunction with the plat at the time of sales violates the parol evidence rule in that such evidence tends to vary and enlarge the writing on the plat, the scope of the testimony being broad-

er than the words on the plat. It concludes that the use should have been restricted to "golf course."

There are a number of answers to this line of attack. The first and most obvious, which seems to have been overlooked by the parties, is that the decree is cast in the negative—prohibitory as to defendant.

It does not say that plaintiffs have the right to use the area for a "golf course, a playground, or recreation area." Rather, it restricts defendant to such uses. If "a golf course, a playground, or recreation area" (the decree) is broader than "golf course" (the plat), and we are inclined to agree with defendant that it is, the effect in the context of the decree is to give defendant a broader array of choices as to the use of the land than would have been the case had the decree used only the words written on the plat.

Any error in the choice of words in the decree is thus favorable to defendant, and, so far as we are concerned, harmless in the absence of a cross-appeal.

■ Entirely apart from what we have said, the admission of testimony regarding such statements and representations was proper under the doctrine of law of the case. If an appellate court has considered and passed upon a question of law and remanded the case for further proceedings, the legal question so resolved will not be determined in a different manner on a subsequent appeal.

The doctrine of law of the case has long been recognized in New Mexico, since before statehood (E. g., Dye v. Crary, 13 N.M. 439, 85 P. 1038 (1906), aff'd 208 U.S. 515, 28 S.Ct. 360, 52 L.Ed. 595 (1908)) and since soon after statehood (E. g., McBee v. O'Connell, 19 N.M. 565, 145 P. 123 (1914)). See also Farmers' State Bank v. Clayton Nat. Bank, 31 N.M. 344, 245 P. 543, 46 A.L.R. 952 (1925) in which the court spoke at length of the doctrine, observing that "the rule applies not only to questions specifically decided, but also to those necessarily involved."

The most recent opinion considering law of the case at length is Varney v. Taylor, 79 N.M. 652, 448 P.2d 164 (1968), in which the court reiterated the "necessary implication" aspect of the doctrine.

■ The opinion on the first appeal makes repeated references to use of the plat and representations by the defendant's agents in selling the lots. The first opinion is not solely concerned with the words appearing on the plat. Rather, it is concerned with the definition of plaintiffs' rights, as determined not only by the plat itself, but also by the use made of it and the mentioned representations. For example, see the language of the first opinion quoted near the outset of this opinion. Other statements of like import appear in the first opinion. It was thus proper to admit evidence not only of the plat, but of the use made of it and representations made by salespeople. Since the issue is to be resolved as we have described under the first opinion, and the rights of plaintiffs are not determined solely by the words on the plat, the parol evidence rule could not apply to exclude evidence of use made of it and oral statements and representations by defendant's agents.

■ So far as the statute of frauds is concerned, defendant claims that what has been done here is to create an easement; that this constitutes an alienation of land, and that such is prohibited by the statute of frauds. We are not persuaded that such is the case. In the opinion on the first appeal, the court quoted with approval from Cree Meadows, Inc. (NSL) v. Palmer, 68 N.M. 479, 362 P.2d 1007 (1961) to the effect that rights such as those under consideration here "are created by implied grant, implied covenant, or estoppel. It makes very little difference upon which of the above three theories the holding is based."

Obviously, to create such rights in the mentioned fashion does not require an instrument in writing signed by the party to be charged. E. g., Putnam v. Dickinson, 142 N.W.2d 111 (N.D.1966); Bradley v. Frazier Park Playgrounds, Inc., 110 Cal.

App.2d 436, 242 P.2d 958 (1952); Prescott v. Edwards, 117 Cal. 298, 49 P. 178 (1897). See also 3 Tiffany, The Law of Real Property § 801 (3rd ed. 1939, Supp.1971).

We hold that the evidence of statements and representations of defendant's agents was properly admissible under the law of the case doctrine, that its admission was not precluded by the parol evidence rule or the statute of frauds, and that error, if any, inhering in the expansion of the restricted uses from those appearing on the plat to those stated in the decree, was harmless.

█ In its second point, defendant contends that the size of the area labeled "golf course" on the plat is insufficient for that purpose, and since use as a golf course is "impossible," the land should be freed of all restrictions. Thus, the first contention, that the restriction should be limited solely to a golf course, is a prelude to the second, that a golf course being impossible, plaintiffs should be denied relief.

Here again there are a number of answers to defendant's argument, among which are:

A. Our decision on the first point does not limit the restriction to use as a golf course. Other uses, not impossible, are permissible.

B. It may be doubted that such impossibility was factually established. No qualified person so testified. The witnesses were equivocal on impossibility and several, at the time of sale, were not interested in a golf course as such, but rather in open spaces and unobstructed views. The court denied findings requested by defendant regarding impossibility.

C. Looking to substance and ignoring form, defendant is seeking equitable relief, viz., to relieve the land of the consequences of the plat and the inducing uses, statements and representations of defendant's agents and servants. If a golf course was impossible, the statements and representations should not have been made. Defendant while seeking equity did not do equity, and should therefore be denied equitable relief. In 27 Am.Jur.2d Equity § 131, it is stated: "The principle under discussion is as applicable to a party defendant who seeks the aid of equity as it is to a party complainant."

Defendant has cited a number of authorities in which developers were relieved of such burdens as we are considering, but in the main they deal with fact situations in which the development or construction for the use in question is sought to be compelled, or substantial changes of circumstances have occurred, or there has been an abandonment, or there has been a dedication to public use or the like. Such fact situations are readily distinguishable from that which confronts us.

The judgment should be affirmed.

It is so ordered.

McMANUS and OMAN, JJ., concur.