619 P.2d 186

**TOLTEC INTERNATIONAL, INC.,**
**Plaintiff–Appellee,**

v.

**VILLAGE OF RUIDOSO,**
**Defendant–Appellant.**

**No. 13039.**

Supreme Court of New Mexico.

Nov. 12, 1980.

Ronald G. Harris, Ruidoso, for defendant–appellant.

Neal & Neal, William G. W. Shoobridge, Hobbs, for plaintiff–appellee.

## OPINION

PAYNE, Justice.

This appeal arises from a suit instituted by the plaintiff to recover $7,400 alleged due it from the defendant, the Village of Ruidoso (village), for the construction and delivery of a portable metal tower. The construction of the tower had been ordered by the finance director of the village, but without the authorization of the mayor, the board of trustees of the village or the village purchasing agent. A set of drawings and specifications for the tower, which had been prepared by an architect retained by the village, were delivered to the plaintiff as well as a signed purchase order. The tower was constructed according to the specifications and delivered, as ordered by the finance director, to the race track at Ruidoso Downs. Ruidoso Downs is a completely separate municipality from the Village of Ruidoso. The tower was used by the Lincoln County Mule–O–Rama for mule racing events. It was also designed to be used as a tower at the village's airport and meets the FAA requirements for airport towers. It has never been so used.

The trial court made undisputed findings of fact and conclusions of law that the contract between the plaintiff and the village was illegal and therefore void. These undisputed findings and conclusions are binding upon us on appeal. *Shed Indus-*

*tries, Inc. v. King,* 95 N.M. 62, 618 P.2d 1226 (1980); *Winrock Enter. v. House of Fabrics of N.M.,* 91 N.M. 661, 579 P.2d 787 (1978). The theories upon which the court found for the plaintiff were unjust enrichment, quantum valebant and quasi-contract. The village appealed. We reverse.

For the plaintiff to recover under any of the three theories listed above, or under the theory of contract by estoppel, which was not properly pled to the court and therefore not considered on appeal, there must be a finding that the village received some benefit from the contract and construction of the tower. *See Danley v. City of Alamogordo,* 91 N.M. 520, 577 P.2d 418 (1968). Therefore, the key question in this appeal is whether there was substantial evidence to support the trial court's finding of benefit to the village. The basic rules this Court utilizes in determining if there is substantial evidence to support a finding of fact are as follows: (1) that substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; (2) that on appeal all disputed facts are resolved in favor of the successful party, with all reasonable inferences indulged in support of a verdict, and all evidence and inferences to the contrary disregarded, and (3) that although contrary evidence is presented which may have supported a different verdict, the appellate court will not weigh the evidence or foreclose a finding of substantial evidence. *McCauley v. Ray,* 80 N.M. 171, 453 P.2d 192 (1968); *Tapia v. Panhandle Steel Erectors Company,* 78 N.M. 86, 428 P.2d 625 (1967).

After reviewing the evidence in light of these rules, we feel that there was not substantial evidence to support the finding of benefit to the village. The plaintiff raised two possible benefits conferred upon the village. These are: (1) increased tourism from the use of the tower at the mule races, and (2) the adaptability of the tower for use at the airport. It is undisputed that the Village of Ruidoso is dependent to a large extent on tourism and the revenue derived from it due to increased tax receipts. It is equally undisputed that the Mule–O–Rama draws tourists to the village. But, there was no showing in the evidence that the tower, itself, was responsible for inducing tourists to the Mule–O–Rama who would have not otherwise attended. There is also no evidence that the tower, while admittedly designed for and capable to be used as an airport tower, has ever been or will ever be used as such.

Since there was no evidence of benefit to the village, we must reverse and remand to the district court for entry of an order dismissing the complaint.

IT IS SO ORDERED.

EASLEY and FEDERICI, JJ., concur.