677 P.2d 615

**C.L. BUESCHER and J.L. Buescher, Plaintiffs-Appellants,**

v.

**Martin A. JAQUEZ and Stella B. Jaquez, his wife, Francis D. Ortwein and Constance B. Ortwein, his wife; Unknown Claimants of Interest in the Premises Adverse to the Plaintiffs, Defendants-Appellees.**

No. 14744.

Supreme Court of New Mexico.

Dec. 27, 1983.

Payne & Mitchell, Bill G. Payne, Carrizozo, for plaintiffs-appellants.

Stading, Severson, Maxfield & Mesa, Ronald J. Stading, El Paso, Tex., for defendants-appellees.

## OPINION

RIORDAN, Justice.

Plaintiffs C.L. Buescher and J.L. Buescher (Bueschers) brought a quiet title suit in district court against Martin A. Jaquez and Stella B. Jaquez (Jaquezes). The district court determined that the Jaquezes were the owners of the subject property and entered judgment in favor of the Jaquezes and against the Bueschers. The Bueschers appeal. We affirm.

The issues presented are:

I. Whether the district court erred when it applied NMSA 1978, Section 7–38–66 (Cum.Supp.1980)[1] instead of NMSA 1953, Section 72–31–66 (Supp.1975) to determine whether the Jaquezes had received proper notice of the tax sale.

II. Whether there was substantial evidence to support the district court's finding that the tax sale was invalid.

On February 25, 1982, the Bueschers filed suit against the Jaquezes in the district court of Otero County to quiet the title to Lot 11, Block 13, of James Canyon Estates, Otero County, New Mexico (property) in the Bueschers. The Bueschers claimed ownership of the property based on a Tax Deed issued to them after they purchased the property at a tax sale held on October 14, 1981. The Jaquezes answered, claiming that they owned the property. The Jaquezes' claim of ownership was based on their 1976 purchase of the property from Carolyn Luna. The Jaquezes also claimed that they never received notice of any taxes due or of the tax sale as required by Section 7–38–66. After a non-jury trial, the district court entered judgment in favor of the Jaquezes and against the Bueschers, concluding that since the Jaquezes had not received proper notice of the tax sale, the tax sale was void under Section 7–38–66.

## I. Controlling Statute.

On appeal, the Bueschers argue that the district court erred when it applied Section 7–38–66 instead of Section 72–31–66, its

predecessor, to determine whether the Jaquezes received proper notice of the tax sale from the Property Tax Division of the Taxation and Revenue Department of the State of New Mexico (Department). The relevant difference between Section 7–38–66 and Section 72–31–66 is the type of notice required and the effect of failure to receive the required notice. Section 7–38–66 provides in pertinent part:

B. [t]he [D]epartment shall notify by certified mail, *return receipt requested,* to the address as shown on the latest property tax schedule each property owner whose real property will be sold that his real property will be sold to satisfy delinquent taxes * * *.

\* \* \* \* \* \*

D. Failure of the [D]epartment to mail the notice by certified mail, return receipt requested, or *failure of the [D]epartment to receive the return receipt shall invalidate the sale;* provided, however, that the receipt by the department of a return receipt indicating that the taxpayer does not reside at the address shown on the latest property tax schedule shall be deemed adequate notice and shall not invalidate the sale. (emphasis added).

Section 72–31–66 provides in pertinent part:

B. * * * the [D]epartment shall notify by certified mail each property owner whose real property will be sold that his real property will be sold to satisfy delinquent taxes * * *.

\* \* \* \* \* \*

D. *Failure to receive the notice of sale does not affect the validity of the sale. (emphasis added).*

Section 7–38–66 invalidates a tax sale if the Department fails to send notice of the tax sale, by certified mail, return receipt requested, or if the Department fails to receive the return receipt. On the other hand, Section 72–31–66, the former law, requires only that the notice of sale be sent

---

1. NMSA 1978, Section 7–38–66 (Cum.Supp.1980) is the applicable statute in the present case. It is currently compiled as NMSA 1978, Section 7–38–66 (Repl.Pamp.1983).

by certified mail and that failure of the delinquent taxpayer to receive the notice does not invalidate the sale. The Bueschers claim that since Section 72–31–66 was the statute in effect on the date the tax lien arose, January 1, 1977, the district court should have applied it. We disagree.

■ In *State v. Thomson,* 79 N.M. 748, 751, 449 P.2d 656, 659 (1969), this Court noted that a tax sale held in 1937 was "controlled by the law in effect at that time, (citations omitted)." We hold that a tax sale must comply with the requirements of the statute in effect at the time of the tax sale. Thus, it was necessary for the Department to comply with the notice requirements of Section 7–38–66, the statute in effect at the time of the property tax sale, October 14, 1981.

■ Therefore, we determine that the district court properly applied the requirements of Section 7–38–66 to determine whether the Jaquezes received proper notice of the tax sale.

## II.  Substantial Evidence.

■ The Bueschers also argue that even if the district court applied the proper statute, there was insufficient evidence for the district court to find: that the Jaquezes gave proper notice of their current address to the Otero County Treasurer's Office (Treasurer's Office), which the Treasurer's Office failed to record; and that the Bueschers failed to prove that the Department received the return receipt required by Section 7–38–66 from the Jaquezes.

This Court has determined that in reviewing a district court's decision on appeal, conflicts are to be resolved in favor of the prevailing party if supported by substantial evidence. *Toltec International, Inc. v. Village of Ruidoso,* 95 N.M. 82, 619 P.2d 186 (1980). In *Toltec,* this Court stated:

2.  The tax schedule is the master document maintained by the County Assessor with the name and address of the property tax owner and the address to which the tax statement is to

(1) that substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; (2) that on appeal all disputed facts are resolved in favor of the successful party, with all reasonable inferences indulged in support of a verdict, and all evidence and inferences to the contrary disregarded, and (3) that although contrary evidence is presented which may have supported a different verdict, the appellate court will not weigh the evidence or foreclose a finding of substantial evidence.

*Id.* at 84, 619 P.2d at 188 (citations omitted).

In the present case, the record shows that Stella Jaquez asked her sister-in-law, Anna Marie Walters (Walters), to give the Otero County officials the Jaquezes' correct address, 8500 Viscount. Walters testified that when she went to the Otero County Assessor's Office (Assessor's Office) in early 1978, the correct address was written down by the Assessor's Office, but that she was not given any kind of written proof the correction was made. Walters further testified that she told the Jaquezes she had given the Otero County officials the Jaquezes' correct address. The Chief Deputy Assessor, Tom Garcia, Jr. (Garcia), testified that notices of change of address are made in both the Assessor's Office and in the Treasurer's Office. In addition, Garcia testified that if a change of address is made in the Treasurer's Office, it is possible that the Assessor's Office may not receive notice of the change. Garcia also testified that it is not common practice to give receipts to persons who have made address changes. Therefore, Garcia testified, a taxpayer would have no way of knowing if an address correction had failed to make it from the Treasurer's Office to the Assessor's Office for the tax schedule to be changed.[2]

The Otero County Treasurer, Martha Nolan (Nolan), testified that the tax state-

be sent. The tax statement is the form mailed to the tax payer informing him of the taxes due for the year.

ments on the property for 1977 and 1978 listed the Jaquezes' address as 1019 Southwest National Bank Building, and that the tax statements for the property for 1979 and 1980 listed a correction on the Jaquezes' address as 8500 Viscount. In addition, Nolan testified that the correction was probably made in 1978 or 1979, but certainly not later than 1980. Nolan also testified that the 1980 tax schedule did not show the address change as made on the tax statements. The record also indicates that notice of the tax sale, return receipt requested, was mailed to the Jaquezes, but not to the correct address as listed on the 1979 and 1980 tax statements.

The Jaquezes had taken appropriate steps to change the address to which the notice was mailed. An actual change of address was given to the county authorities, who apparently did not follow through and change the Jaquezes' address on the tax schedule.

Therefore, we determine that there was substantial evidence for the district court to make its findings.

The judgment of the district court is affirmed.

IT IS SO ORDERED.

PAYNE, C.J., and FEDERICI, J., concur.