697 P.2d 119

**Donald E. CLARK and Betty J. Clark, Plaintiffs-Appellees,**

**v.**

**Mark L. SIDERIS, Director, State Park and Recreation Division, New Mexico Natural Resources Department, William S. Huey, Secretary, New Mexico Natural Resources Department, the State of New Mexico Natural Resources Department, and the State of New Mexico, Defendants-Appellants.**

**No. 15254.**

Supreme Court of New Mexico.

March 18, 1985.

Paul Bardacke, Atty. Gen., Charlotte Hetherington, Asst. Atty. Gen., Santa Fe, for defendants-appellants.

Robert Suzenski, Santa Fe, for plaintiffs-appellees.

**OPINION**

STOWERS, Justice.

This is the second appeal of this case by Sideris involving a dispute over rights and obligations under a concession agreement between the plaintiff (Clark) and the defendant (Sideris), the Director of the State Parks and Recreation Division. We affirm the trial court.

The issue on appeal is whether on remand the trial court failed to comply with this Court's instructions on damages and therefore exceeded its jurisdiction.

The pertinent facts are set forth in the prior case, *Clark v. Sideris*, 99 N.M. 209, 656 P.2d 872 (1982) (*Clark I*). In *Clark I*, this Court affirmed in part, reversed in part, and remanded two issues to the trial court for more specific findings based on the record. The issues remanded concerned $19,000 awarded Clark for damages to the lodge, and $90,000 awarded Clark for lost income and profits. On remand, the trial court did not allow the presentation of additional evidence; however, it ordered the parties to submit findings of fact and conclusions of law with supporting transcript references on the damage issues. In its supplemental judgment, the trial court again found for the plaintiffs, awarding judgment of $19,000 for damages to the lodge and of $61,333 for lost net income and net profits.

■ After a careful review of *Clark I*, it appears that the *remand for more specific findings exceeds what is required by* NMSA 1978, Civ.P.Rule 52(B)(1)(b) (Repl. Pamp.1980), which states:

The findings of fact shall consist only of such ultimate facts as are necessary to determine the issues in the case, as *distinguished* from evidentiary facts supporting them. Such findings shall be separately stated and numbered. (Emphasis added.)

*See also O'Shea v. Hatch*, 97 N.M. 409, 640 P.2d 515 (Ct.App.1982). Thus it is apparent that the opinion of this Court in *Clark I* established a more stringent requirement for fact finding than is required by the rule, and to that extent, *Clark I* is overruled.

■ The questions thus remain to be resolved are (1) was there substantial conformity with the mandate of this Court; and (2) was there substantial evidence to support the judgment of the trial court. In view of the holding of this opinion that *Clark I* established a more stringent requirement for fact finding than required, there is no question that the trial court complied with Rule 52(B)(1)(b). Furthermore, because the trial court substantially followed the directions of the prior opinion, this would constitute compliance with the mandate. Therefore, the trial court's judgment will not be disturbed. *See Varney v. Taylor*, 79 N.M. 652, 448 P.2d 164 (1968).

■ The second question to be resolved is whether there was substantial evidence to support the trial court. As this Court has previously stated, the basic rules utilized in determining if there is substantial evidence to support a finding of fact are:

(1) [T]hat substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; (2) that on appeal all disputed facts are resolved in favor of the successful party, with all reasonable inferences indulged in support of a verdict, and all evidence and inferences to the contrary disregarded, and (3) that although contrary evidence is presented which may have supported a different verdict, the appellate court will not weigh the evidence or foreclose a finding of substantial evidence.

*Toltec International, Inc. v. Village of Ruidoso*, 95 N.M. 82, 619 P.2d 186 (1980). An examination of the record indicates that there is substantial evidence to support the judgment of the trial court.

We affirm the trial court's judgment on remand.

IT IS SO ORDERED.

SOSA, Senior Justice, concurs.

WALTERS, J., concurring in the result.

RIORDAN, J., dissenting.

RIORDAN, Justice (dissenting).

I dissent.

The trial court did not follow our instructions on remand. As we have previously stated, Rule 52 exists:

> as an aid to the appellate court by placing before it the basis of the decision of the trial court * * *.

*Mora v. Martinez,* 80 N.M. 88, 89, 451 P.2d 992, 993 (1969).

Appellant's position since the first appeal has been that there is *no* evidence to support the trial court's award of damages for breach of contract or for breach of warranty. In the first appeal, we were unable to find supporting evidence and remanded with instructions stating:

> We hold that Clark is entitled to recover the cost of repairs that the State had warranted it would make. However, he may not recover the costs of remodeling and the consequential costs of complying with the building code * * *.
>
> Accordingly, we remand for further findings and conclusions as to this element of damages consistent with this opinion.

*Clark v. Sideris,* 99 N.M. 209, 215, 656 P.2d 872, 878 (1982).

We were also unable to determine how the court calculated the amount of lost profits it awarded. Again, appellant alleged a failure of proof. We remanded for "specific findings and conclusions on this point." *Id.* at 216, 656 P.2d at 879.

The trial court is required to find the ultimate facts necessary to determine the issues in the case. *Sanchez v. Sanchez,* 84 N.M. 498, 505 P.2d 443 (1973); *Thompson v. H.B. Zachry Co.,* 75 N.M. 715, 410 P.2d 740 (1966).

The majority now apparently concedes that the trial judge did not comply. But rather than force compliance, the majority now has determined that the first opinion was incorrect. Even if that were true, the time honored (until now) doctrine of "law

of the case" prevents that type of reversal. *Ute Park Summer Homes Ass'n v. Maxwell Land Grant Co.,* 83 N.M. 558, 494 P.2d 971 (1972).