This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**MORGAN A. GAFFORD,**

    Plaintiff-Appellant,

v.                                        **NO. 29,937**

**HENRY SINGLETON (deceased), et al.,**

    Defendants-Appellees,

consolidated with

**MORGAN A. GAFFORD,**

    Plaintiff-Appellant,

v.

**CHRISTINE GRISCOM, et al.,**

    Defendants-Appellees,

consolidated with

**PEIRCE A. CLAYTON,**

    Plaintiff-Appellant,

**STATE OF NEW MEXICO, SANTA FE COUNTY, CAROLINE SINGLETON, AND ALL UNKNOWN CLAIMANTS OF INTEREST IN THE PREMISES ADVERSE TO PLAINTIFF,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Daniel A. Sanchez, District Judge**

Morgan A. Gafford
Galisteo, NM

Pro Se Appellant

Thomas Patrick Whelan, Jr.
Santa Fe, NM

Kristin L. Davidson
Santa Fe, NM

Scheuer, Yost & Patterson, P.C.
Charlotte H. Hetherington
Santa Fe, NM

for Appellee Christine Griscom

Peirce A. Clayton
Santa Fe, NM

Pro Se Appellant

Stephen O. Ross, County Attorney
Elizabeth J. Travis, Assistant County Attorney
Sue Ann Herrmann, Assistant County Attorney
Santa Fe, NM

Sutin, Thayer & Browne, P.C.
Benjamin Allison
Santa Fe, NM

for Appellee Carolyn W. Singleton

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

In this quiet title lawsuit, Morgan A. Gafford and Pierce Clayton (Plaintiffs) appeal from the district court's final judgment and order granting summary judgment. [RP 641] Plaintiffs raise the following issues on appeal: (1) Plaintiffs contend that they were wrongly denied hearings prior to entry of the final judgment and the motion to reconsider, and as such, they were not allowed the opportunity to once again show the district court that they are the only ones with deeds to the property in dispute [DS 3-4]; and (2) Plaintiffs also contend that the district court erred in entering the final judgment by refusing to quiet title to the property in Plaintiffs pursuant to their deeds, which indicate that Plaintiffs have the best claim to the property. [DS 4]

This Court's calendar notice proposed summary affirmance. [CN1] Plaintiffs and Defendants have filed responses to the calendar notice. [Pls. MIO; Defs. MIO] We have duly considered the responses and we affirm the district court's final judgment.

**DISCUSSION**

**Finality of the Orders on Appeal**

As this Court has previously noted in connection with calendaring this case in 2007 (Ct. App. No. 27,445), there are pending counterclaims in this case that remain

undecided. [RP 605, No. 4] On January 13, 2009, however, the district court entered an order that bifurcated the quiet title claims at issue here from the pending counterclaims. [RP 623] The final judgment expressly states that, "There is no just reason for delay of entry of final judgment on the quiet title claims." [RP 632, No. 6] *See* Rule 1-054(B)(1) NMRA. Plaintiffs' motion to reconsider does not dispute the finality of the district court's judgment; rather, the motion requests that the district court reconsider the final judgment on the merits. [RP 647-657] Thus, although Plaintiffs contend that the district court's final judgment and its order denying the motion to reconsider were erroneously entered on the merits [*see, e.g.,* RP 651, No. 6], there are no further issues as to the finality of these orders for purposes of Plaintiffs' present appeal. We proceed therefore to the merits of the quiet title issues on appeal in this case.

**Issues on Appeal - Law of the Case Bars Plaintiffs from Relitigating Their Alleged Claims to the Properties**

Whether law of the case applies, as well as how it applies, are questions of law subject to de novo review. *See Cordova v. Larsen*, 2004-NMCA-087, ¶ 10, 136 N.M. 87, 94 P.3d 830. We have long held that a decision by an appeals court on an issue of law made in one stage of a lawsuit becomes binding on subsequent trial courts as well as subsequent appeals courts during the course of that litigation. *See Ute Park Summer Homes Ass'n v. Maxwell Land Grant Co.*, 83 N.M. 558, 560, 494 P.2d 971,

973 (1972) ("The doctrine of law of the case has long been recognized in New Mexico, since before statehood[.]"); *Varney v. Taylor*, 79 N.M. 652, 654, 448 P.2d 164, 166 (1968) (same). "If an appellate court has considered and passed upon a question of law and remanded the case for further proceedings, the legal question so resolved will not be determined in a different manner on a subsequent appeal." *Ute Park Summer Homes Ass'n*, 83 N.M. at 560, 494 P.2d at 973.

Defendants filed a memorandum in support of the proposed disposition. [Defs. MIO] While Plaintiffs' response to the calendar notice states that they are in agreement with the proposed disposition, they continue to assert that they "maintain [sic] undeniable interest in all of our land in the form of a deed and as a matter of possession." [Pls. MIO, 2] Contrary to Plaintiffs' assertions in this regard, however, this Court's calendar notice specifically proposed to hold that Plaintiffs have no valid claims whatsoever to the property in dispute. In their response, moreover, Plaintiffs have not provided any new facts or authority that would persuade us otherwise. "Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683. As discussed below, we remain persuaded that Plaintiffs have no valid claims to the property in dispute. In addition, in their response, Plaintiffs make assertions about the award of attorney

fees, which were not at issue in this appeal. [Id.] This Court specifically does not take any position on Plaintiffs' assertions regarding the award of attorney fees, if any, in this matter.

The record proper indicates that the district court and this Court have previously considered Plaintiffs' claims of title to and interest in the properties that were disputed in this case in Ct. App. No. 27,445, and denied them. [RP 684-694] Ct. App. No. 27,445 involves the same parties and the same properties. [Id.] The memorandum opinion of this Court issued on January 24, 2008, together with the second calendar notice that is incorporated into the opinion, [RP 687-92] fully discuss New Mexico quiet title law and point out that "Plaintiffs fail to explain the bases for their quiet title suits, . . . fail to set forth descriptions of how and why they claim their interests in the properties, and they fail to set forth the arguments Defendants asserted in opposition to their suits." [RP 689-90] This Court further noted that Plaintiffs had acknowledged that neither one of them had valid title to the properties at any time during the consolidated actions. [RP 690]

The opinion also discusses that Plaintiffs apparently "researched the ownership of property in Galisteo, and developed an impression that certain lands were unclaimed and/or vacant . . . [and] that Plaintiffs were acting under [the] belief that they could claim ownership of those lands by having them surveyed and by filing suits

7

in district court without any valid, legal interest in them." [Id.] Since the grantors of the properties had no legal interest in the properties, they could not convey legal interests in them to Plaintiffs. [RP 691] As such, we concluded that "Plaintiffs could not succeed in acquiring title to property to which they have no valid, legal claim, even if the named Defendants in a quiet title suit have no interest in or claim to the property." [RP 691] The opinion affirmed the dismissal of Plaintiffs' claims to quiet title to the properties because Plaintiffs did not establish the existence of triable facts and they were "incorrect as a matter of law." [RP 692]

As we discussed in the calendar notice in this case, the only reason that the opinion issued in Ct. App. No. 27,445 did not apply to all Defendants was not a matter of any differences in the issues between Plaintiffs and some Defendants relating to the merits of Plaintiffs' claims of title to the properties. Rather, it was a matter of the fact that this Court has jurisdiction over only orders that are final when appealed. [*See* RP 604-06, for a full discussion of the finality problems relating to Ct. App. No. 27,445] At the time of the appeal in Ct. App. No. 27,445, some Defendants had pending counterclaims against Plaintiffs. [Id.] Since that time, however, as discussed above, the pending counterclaims have been bifurcated from the quiet title claims and the district court has certified the present final judgment as final and appealable pursuant to Rule 1-054(B)(1). In addition, we have determined that the pending counterclaims

for malicious abuse of process brought by some Defendants do not involve issues that relate to, are intertwined with, or are dependent upon the issues resolved in the final judgment. We affirm the district court's final judgment.

With regard to the district court's order denying Plaintiffs' motion to reconsider, we also affirm. We review the district court's grant of Plaintiffs' motion to reconsider for abuse of discretion. *Lewis ex rel. Lewis v. Samson*, 2001-NMSC-035, ¶ 22, 131 N.M. 317, 35 P.3d 972. An abuse of discretion "may be found only where the judge has acted arbitrarily or unreasonably under the particular circumstances." *United Salt Corp. v. McKee*, 96 N.M. 65, 68, 628 P.2d 310, 313 (1981).

In this case, the district court denied the motion to reconsider because Plaintiffs' motion requested that the district court "retry" all the issues "previously considered and decided by it and by Judge James A. Hall." [RP 708] In addition, the district court determined that Plaintiffs' motion was untimely under Rule 1-059 NMRA, did not assert grounds that would entitle Plaintiffs to relief under Rule 1-060(B) NMRA, and the law of the case barred Plaintiffs' requests for relief. [RP 708] Based on our review of the record proper with regard to the litigation, judgment, and this Court's opinion in Ct. App. No. 27,445, we are unable to conclude that the district court judge's decision was either arbitrary or unreasonable. Because we cannot say that

9

the district court abused its discretion, we affirm the order denying the motion for reconsideration.

Finally, we are not persuaded that Plaintiffs were denied due process when the district court did not hold additional hearings prior to entering final judgment and the order denying the motion for reconsideration. The record indicates that Defendants served Plaintiffs with notice that they were requesting entry of final judgment and that Plaintiffs did not respond to the notice or request a hearing at that time. [RP 627, No. 3] The record further indicates that Plaintiffs did not request a hearing on the motion for reconsideration. [RP 705-06] As discussed above, this case involves Plaintiffs' assertion of title to certain properties. The record proper indicates that all of the issues with regard to Plaintiffs' assertion of title to and interest in the properties have been previously litigated in district court and they have been decided against Plaintiffs by this Court on appeal. The order bifurcating the pending counterclaims from the quiet title issues and the final judgment, which is certified pursuant to Rule 1-054(B)(1), as well as the order denying the motion for reconsideration, make this Court's January 24, 2008, opinion on Plaintiffs' lack of title to the properties a final adjudication applicable to all Defendants in this case. We hold that since Plaintiffs have already had their day in district court and in this Court with regard to their alleged title to the properties, the law of the case doctrine applies and no further hearings were required

10

in order to finalize that as a matter of law Plaintiffs have no interest in and are not entitled to quiet title in the properties at issue in this case.

**CONCLUSION**

We affirm the district court's final judgment and the order denying Plaintiffs' motion for reconsideration.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**ROBERT E. ROBLES, Judge**

11