This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**BROKER SOLUTIONS, INC.,**
**d/b/a NEW AMERICAN FUNDING,**

      Plaintiff-Appellee,

v.                                 **No. A-1-CA-37745**

**PATRICK J. ARCHULETA,**

      Defendant-Appellant,

**and**

**THE UNKNOWN SPOUSE OF**
**PATRICK J. ARCHULETA, if any,**
**STATE FARM MUTUAL**
**AUTOMOBILE INSURANCE**
**COMPANY, and WILLIAM BURTON,**

      Defendants.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Jason Lidyard, District Judge**

Rose L. Brand & Associates, P.C.
Eraina M. Edwards
Albuquerque, NM

for Appellee

Patrick J. Archuleta
Santa Fe, NM

Pro Se Appellant

### MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** Patrick J. Archuleta (Defendant) has appealed from an order confirming a judicial sale. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}** To very briefly reiterate the pertinent procedural history, a decree of foreclosure was entered in December 2014. [RP 123] Defendant subsequently moved for relief from that judgment pursuant to Rule 1-060(B) NMRA, which the district court denied. [RP 263-69, 379-81] Defendant appealed from that ruling, contending that Plaintiff had failed to establish its standing. [RP 388-96] We rejected Defendant's arguments, on grounds that standing cannot be challenged in the first instance on appeal. [RP 401-15] *See Deutsche Bank Nat'l Trust Co. v. Johnston* (*Deutsche Bank II*), 2016-NMSC-013, ¶ 34, 369 P.3d 1046 ("[A] final judgment on . . . an action to enforce a promissory note [in a foreclosure case] . . . is not voidable under Rule 1-060(B) due to lack of prudential standing."). After mandate issued, the matter proceeded to a sale of the subject property. [RP 411, 428, 431] Defendant filed objections to the report, which the district court rejected. [RP 438, 482, 85] The instant appeal followed, in which Defendant has once again sought to challenge Plaintiff's standing. [DS 19-22; MIO 1-11]

**{3}** As we previously observed in the notice of proposed summary disposition, [CN 3-4] although Defendant was entitled to pursue the instant appeal, the disposition rendered in the course of the previous appeal is law of the case. Accordingly, Defendant's continuing attempts to challenge Plaintiff's standing are foreclosed. *See generally Gerety v. Demers*, 1978-NMSC-097, ¶ 35, 92 N.M. 396, 589 P.2d 180 ("[A] decision upon a former appeal is binding upon the appellate court on the second appeal[.]"); *Ute Park Summer Homes Ass'n v. Maxwell Land Grant Co.*, 1972-NMSC-018, ¶ 12, 83 N.M. 558, 494 P.2d 971 ("If an appellate court has considered and passed upon a question of law and remanded the case for further proceedings, the legal question so resolved will not be determined in a different manner on a subsequent appeal."); *DiMatteo v. Cty. of Dona Ana ex rel. Bd. of Cty. Comm'rs*, 1989-NMCA-108, ¶ 25, 109 N.M. 374, 785 P.2d 285 ("The doctrine of 'law of the case' means that a prior appellate decision is binding."). Defendant's memorandum in opposition wholly fails to address this consideration. We therefore adhere to our initial assessment, and conclude that there is no basis for considering the issues further.

**{4}** Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

**{5}** **IT IS SO ORDERED.**

**J. MILES HANISEE Judge**

**WE CONCUR:**

**LINDA M. VANZI, Judge**

**MEGAN P. DUFFY, Judge**