566 P.2d 98

Kenneth ARNOLD, Plaintiff-Appellee,

v.

FORD MOTOR COMPANY, Ford Motor Credit Company and Wayne Lovelady's Frontier Ford, Inc., Defendants-Appellants.

No. 11185.

Supreme Court of New Mexico.

July 7, 1977.

**550**

Rodey, Dickason, Sloan, Akin & Robb, Gene C. Walton, Albuquerque, for Ford Motor Co. and Ford Motor Credit Co.

Threet, Threet, Glass, King & Maxwell, J. Jerome Maxwell, Albuquerque, for Wayne Lovelady's Frontier Ford.

Kanter & Carmody, John Carmody, Jr., Albuquerque, for plaintiff-appellee.

OPINION

PAYNE, Justice.

Kenneth Arnold brought suit against Wayne Lovelady's Frontier Ford, Ford Motor Company and Ford Motor Credit Company to recover damages for breach of warranty in the sale of a new 1972 Ford Ranger pickup. Ford Motor Credit Company counterclaimed for the balance due on the purchase price of the vehicle. The trial court denied the counterclaim of the credit company, awarded Arnold damages against defendants Ford Motor Company and

Wayne Lovelady's Frontier Ford, and directed Arnold to deliver the vehicle to defendants upon satisfaction of the judgment.

It was uncontested at trial that Frontier Ford and Ford Motor extended an express warranty to the plaintiff which warranted the pickup for a period of twelve months or 12,000 miles. The warranty provided that the "selling Dealer will repair or replace any part that is found to be defective in factory materials or workmanship." Arnold had the burden of proving four essential elements. Those elements were: (1) the existence of a defect in the operation of the vehicle, (2) that the defect resulted from factory material or workmanship, (3) that the plaintiff presented the vehicle to the automobile dealer with a request that the defect be repaired, and (4) that the dealer failed or refused to repair or replace the defective parts. *Hass v. Buick Motor Division of General Motors Corp.*, 20 Ill. App.2d 448, 156 N.E.2d 263 (1959); *Lilley v. Manning Motor Co.*, 262 N.C. 468, 137 S.E.2d 847 (1964).

The dispute in this case centers around the requirement that the defect resulted from factory material or workmanship and the proof necessary to establish this element. The trial court failed to make a specific finding that there was a defect in factory material or workmanship, but did find as follows:

7. The vehicle . . . was defective in the following respects:

(a) the engine would die when the gears were engaged and the driver attempted to cause the vehicle to begin moving.

(b) the engine would die upon turning corners.

(c) the engine would die unexpectedly and on numerous occasions when being driven straight ahead at various speeds.

(d) the engine would overheat when the air conditioning was in use.

(e) the engine would exhaust black smoke.

The court concluded that there was a breach of the express warranty based upon that finding.

Plaintiff did not offer the testimony of any expert witness that the defects in the car were a result of factory material or workmanship. There is substantial testimony, however, to support the fact that the defects in the vehicle existed from the time Arnold drove the vehicle from the lot after it had been newly purchased. We must give a liberal construction to the trial court's findings of fact in determining whether these findings would sustain a judgment. *Jones v. Friedman*, 57 N.M. 361, 258 P.2d 1131 (1953). The failure of the court to use the specific words that the defect resulted from factory materials or workmanship does not change the clear meaning of the court's findings of fact and conclusions of law.

It is not clear what process the trial court used in determining damages. The parties are in agreement that the applicable measure of damages for breach of warranty in this case is outlined in § 50A–2–714(2), N.M.S.A. 1953 (Repl. Vol. 8, Pt. 1, 1962). That provision provides that damages for breach of warranty are to be measured by the difference between the value of the vehicle as accepted and the value of the vehicle as it was warranted. The proper measure of damages was not used and on remand § 50A–2–714(2), supra, should be applied.

The third issue presented in this case is raised by the Ford Motor Credit Corporation with regards to its counterclaim which was denied by the trial court. The trial court concluded that defendant Ford Motor Credit Company took the assignment of Arnold's retail installment contract subject to the express warranties of defendants Ford Motor Company and Frontier Ford.

The relationship between account debtors and assignees of contracts is governed by the terms of § 50A–9–318, N.M.S.A.1953 (Repl. Vol. 8, Pt. 1, 1962). Under the terms of that section, the rights of the assignee, Ford Motor Credit Company, are subject to all the terms of the contract between Frontier Ford and Arnold. This includes any defenses arising therefrom. See also *Associates Loan Company v. Walker*, 76 N.M. 520, 416 P.2d 529 (1966). Pursuant to the terms of § 50A–9–206, N.M.S.A. 1953 (Supp. 1975), however, if Arnold had agreed not to assert any claims or defenses against the assignee, Ford Motor Credit Company would be entitled to fully recover on its counterclaim. The contract entered into between Arnold and Frontier Ford contains an agreement which requires the buyer to "settle directly with the original Seller all claims concerning the Property or its use or operation." The language of the contract does not restrict Arnold from asserting defenses against Ford Motor Credit Company. The defense of breach of warranty was available to Arnold. The extent and nature of Arnold's defense, however, needs further clarification.

The trial court treated Arnold's breach of warranty defense as a complete bar to Ford Motor Credit Company's counterclaim. The defense of breach of warranty, however, can only be used by Arnold as a setoff against the amount owing under the installment contract. Arnold had not rejected or properly revoked acceptance of the vehicle under the Uniform Commercial Code. The guidelines for determining whether a buyer has accepted, rejected or revoked acceptance of any particular goods are found in §§ 50A–2–602, 50A–2–606, 50A–2–607 and 50A–2–608, N.M.S.A. 1953 (Repl. Vol. 8, Pt. 1, 1962). At the time of trial Arnold had driven the vehicle approximately 49,000 miles. He had not rejected or revoked acceptance of the vehicle. Since he had accepted the vehicle his only remedy was under § 50A–2–717, N.M.S.A. 1953 (Repl. Vol. 8, Pt. 1, 1962). This section allows the buyer to deduct the damages for breach of warranty from the portion of the purchase price still due under the contract. Arnold should therefore retain the vehicle and pay Ford Motor Credit Corporation any balance owing on the contract after deducting his damages as measured by § 50A–2–714(2), supra. If Arnold's damages exceed the amount owing on the installment contract, judgment should be entered against the defendants for the additional amount.

**552**

This case is remanded to the trial court for a proper determination of damages and for such other proceedings that are necessary to conform to this opinion.

IT IS SO ORDERED.

McMANUS, C. J., and REUBEN E. NIEVES, District Judge, concur.