671 P.2d 1142

**Terrance WINE and Marie Wine, his wife, Plaintiffs-Appellants,**

v.

**W.S. NEAL, et al., Defendants-Appellees.**

**No. 14866.**

Supreme Court of New Mexico.

Nov. 3, 1983.

Dubois, Caffrey, Cooksey & Watkins, Michael P. Watkins, Albuquerque, for plaintiffs-appellants.

Timothy M. Padilla, Thomas F. Hooker, Jr., Albuquerque, for defendant-appellee Stafford.

R. Kevin Thomsen, Albuquerque, for defendants-appellees Grieve.

William G. Walker, Santa Fe, for defendant-appellee Sandia Land Developers.

Paul Bardacke, Atty. Gen., Paula Forney-Thompson, Asst. Atty. Gen., Taxation & Revenue Dept., Santa Fe, amicus curiae.

## OPINION

PAYNE, Chief Justice.

This appeal challenges the trial court's failure to quiet title to land purchased by and deeded to the Wines at a tax sale auction. The trial court, on motion for summary judgment, ruled that the tax sale was void due to insufficient notice.

In September 1980 the Wines purchased land which was sold to satisfy delinquent property tax. Stafford and the Grieves had purchased the land in January 1973 from Sandia Corporation. Stafford paid all property taxes in 1973, 1974, and 1975. However, in 1976, 1977, 1978, and 1979 the taxes were not paid.

Prior to the sale the Taxation and Revenue Department sent timely notice, pursuant to NMSA 1978, Section 7–38–66(B) (Cum.Supp.1981), to "2316 CMN S LS Artesanos N.E." The address as listed on the tax record was 2316 CMN D LS Artesanos N.W. Stafford's name and address was the only one listed. He had moved from Camino de los Artesanos, N.W. more than one and a half years before notice was sent. He did not apprise the Department of his change of address. Section 66 reads in part:

B. At least twenty days, but not more than thirty days before the sale date, the department shall notify by certified mail, return receipt requested, to the address as shown on the latest property tax schedule each property owner whose real property will be sold that his real property will be sold to satisfy delinquent taxes.
* * *

\* \* \* \* \* \*

D. Failure of the department to mail the notice by certified mail, return receipt requested, or failure of the department to receive the return receipt shall invalidate the sale; provided, however, that the receipt by the department of a return receipt indicating that the taxpayer does not reside at the address shown on the latest property tax schedule shall be deemed adequate notice and shall not invalidate the sale.

Following the tax sale, the Wines initiated this action to quiet title. The trial court entered partial default judgment awarding them title in fee simple. Subsequently, Stafford and the Grieves (hereinafter "Stafford") filed a counterclaim to regain title.

Following a hearing on the cross-motions for summary judgment, and briefs being submitted, the trial court entered judgment for Stafford. It found that "[t]he tax sale and resulting tax deed to the Plaintiffs Terrence Wine and Marie Wine, having been conducted without notice required by § 7–38–66(B), N.M.S.A., 1978 (1981 Supp.) are void."

We reverse the summary judgment.

■ Initially we note that the judgment did not indicate whether the ruling was one of law only, or based upon undisputed facts. The record may be interpreted as creating a factual issue of whether notice reached the correct address. If so interpreted, then the trial court's statement in the judgment that there was no notice may be a finding of fact, and we would be bound inasmuch as there was no challenge of such a finding by Wines.

■ We recognize that we must liberally construe the trial court's findings of fact to sustain a judgment, if possible. *Arnold v. Ford Motor Co.,* 90 N.M. 549, 566 P.2d 98 (1977); *Mathews v. New Mexico Light & Power Co.,* 46 N.M. 118, 122 P.2d 410 (1942). As we stated in *Arnold,* "failure of the court to use the specific words * * * does

not change the clear meaning of the court's findings * * *." 90 N.M. at 551, 566 P.2d at 100.

However, this case is easily distinguished. In *Arnold,* the lower court found that a certain vehicle was "defective." But it failed to specifically find that the "defect resulted from factory material or workmanship." Because of this omission, Ford contended that the court erred in finding a breach of the express warranty. On appeal, we affirmed the trial court. We found substantial evidence to support the finding and the trial court's clear meaning was apparent.

■ Here, however, it is not clear that the trial court's judgment was a finding that notice never reached the correct address, nor is such a finding supported by the evidence. One and a half years after attempted delivery, Ms. Tapia, the occupant of the property at issue, merely stated that *she* "never received * * * notification of an attempt to deliver certified mail" to Stafford. Her statement does not rebut the statement that the post office did attempt to deliver the notice to the address; that there was no response at the address; and that the letter was never claimed. We cannot affirm the trial court on this ground. *Cf. Jones v. Friedman,* 57 N.M. 361, 258 P.2d 1131 (1953).

Stafford did not argue that notice did not reach the correct address. In his cross-motion, he asserted that the sale is invalid merely because the address printed on the letter is "not the same as the address shown on the latest property tax schedule." He concluded that the sale and deed are void because of "improper *issuance* of notice."

At the hearing on the cross-motions, Stafford made it even clearer that he was not challenging whether notice actually reached the correct address. He commented, "whether or not the notice was actually delivered to the address or not doesn't really make any difference * * * what we have here is a situation where the notice was sent to the wrong address." The trial court entered judgment on Stafford's motion for summary judgment; it did not resolve a factual issue.

■ It appears to us that the trial court found the notice did not satisfy NMSA 1978, Section 66(B) because the address was not printed correctly on the certified letter. We hold that the incorrect address on the envelope is immaterial if the notice actually got to the right address. The statute does not turn on the technical accuracy of the address typed on the envelope which is merely a delivery vehicle, but upon mailing the notice "to the address" shown on the latest tax schedule.

■ With regard to the delivery issue, the certified letter was returned to the Department stamped "addressee unknown." Stafford no longer lived at the address shown on the latest property tax schedule, and he failed to provide a correct address as required by law. This does not invalidate the sale. NMSA 1978, § 7–38–66(D). There is no basis in the statute for voiding the tax sale merely because the proper address was not correctly printed on the notice envelope.

We find that the notice substantially complied with Section 66 as required by NMSA 1978, Section 7–38–70 (Cum.Supp. 1981).

■ In *Maxwell v. Page,* 23 N.M. 356, 168 P. 492 (1917), this Court recognized that the "curative feature of the [Property Tax Code] statute stands out conclusively against any technical objection to a tax title." *Id.* at 365, 168 P. at 495. The curative nature arises from the legislative action which "stringently limits the grounds upon which a successful attack upon a tax deed issued by the state may be made." *Bailey v. Barranca,* 83 N.M. 90, 92, 488 P.2d 725, 727 (1971); *see also Maxwell,* 23 N.M. at 365, 168 P. at 495.

The Legislature enacted, and the courts adopted, the "curative" policy to "[attempt] to clothe tax titles with a measure of certainty and security." *Bailey,* 83 N.M. at 92, 488 P.2d at 727; *see also First National Bank v. State,* 77 N.M. 695, 427 P.2d 225 (1967). As we stated in *Bailey,* "The very

purpose of the curative statute is to stabilize and render tax sales efficient, to collect delinquent taxes and confer on the purchasers something of substance." 83 N.M. at 92, 488 P.2d at 727 (citations omitted).

Although the statutes at issue in *Bailey* and the cases cited therein have been repealed, the curative nature of the statute has not. NMSA 1978, Sections 7–38–66 and –70 (Cum.Supp.1981) specifically limit an attack upon a tax sale.

We therefore reverse the trial court and remand the case for further proceedings, consistent with this opinion.

IT IS SO ORDERED.

SOSA, Senior Justice, and STOWERS, J., concur.