750 P.2d 1119

**F. Robert CHAVEZ, Joann V. Chavez, his wife, and Antonio S. Bilotto, Plaintiffs–Appellees,**

v.

**DEREK J. SHARVELLE, M.D., P.A., Profit Sharing Trust, Defendant–Appellant.**

No. 9116.

Court of Appeals of New Mexico.

Jan. 21, 1988.

Certiorari Denied Feb. 29, 1988.

Richard L. Klein, Albuquerque, for plaintiffs-appellees.

Stephen D. Dillon, Cohen & Aldridge, P.A., Albuquerque, for defendant-appellant.

## OPINION

ALARID, Judge.

The previous opinion, filed on January 19, 1988, is hereby withdrawn and the following is substituted.

This appeal arises out of a quiet title suit involving property acquired by plaintiffs at a tax sale. On appeal, defendant challenges the validity of the tax sale arguing that the state breached its statutory duty to mail notice of a tax sale to the taxpayer's proper address and thus the state failed to comply with the minimum due process standards with regard to notice. We agree and reverse.

FACTS

Derek J. Sharvelle, defendant, practiced ophthalmology in Gallup, New Mexico, from 1971 until March 1977 when he moved his practice to Lafayette, Indiana. In 1975, defendant and his wife purchased 40 acres of land in Torrance County for $17,500 from C.O. Nelson, Clara Nelson and Michael McMullan.

Defendant paid property taxes on the acreage for 1975 and 1976. Before the Sharvelles moved, they left changes of address for their home and business at the Gallup post office. Consequently, defendant's 1977 tax bill was correctly forwarded to the Indiana address. In the 1977 tax payment, Mrs. Sharvelle enclosed a letter addressed to the Torrance County Treasurer identifying the property and requesting that the county change the tax roll address to defendant's Indiana address. The letter's printed stationery also bore the correct Indiana address. Since county officials deposited the 1977 payment check, we assume the county treasurer received the change of address.

Despite receipt of defendant's change of address request, however, the county failed to make the necessary change on the tax roll and never sent defendant notices of taxes due, delinquent taxes, or the tax sale to the Indiana address. Furthermore, defendant recorded a warranty deed in June of 1979 when he paid off the real estate contract, but the County Treasurer incorrectly addressed the first notice of delinquent taxes to "C.O. Nelson Etal" in Gallup. The post office returned the notice to the County Treasurer as undeliverable.

In October 1982, the State Property Tax Division sent notice of the tax sale to "C.O. Nelson Etal" and "Derek, J.M.D. Sharvelle" in Gallup. The post office returned the Sharvelle notice to the Division with the notation that the forwarding order had expired.

Further efforts by the Tax Division to locate defendant were minimal and likewise unsuccessful. The Division also failed to follow its internal guidelines providing that an employee or investigator visit a property with delinquent taxes and attach a "red tag" notice of the imminent tax sale to notify the owner of the delinquency. In addition, the published notice of the tax sale was flawed and did not clearly identify the true owner of the property.

In an October 1982 tax sale, the Tax Division sold the property to plaintiffs for $6,100 to satisfy $113.32 in delinquent taxes. In May 1983, plaintiffs sued to quiet title which resulted in a default judgment against defendant. Defendant first learned of the delinquent taxes and the resulting tax sale in 1983, when his Albuquerque property manager discovered the tax sale deed recorded in Torrance County. In September 1984, on defendant's motion, the trial court set aside the default judgment. Defendant, alleging an invalid tax sale, then counterclaimed to quiet title in himself. Trial occurred in July 1985. In December 1985, the trial court entered judgment quieting title in plaintiffs and dismissing defendant's counterclaim. Defendant appeals.

## DISCUSSION

The sole issue on appeal is whether the trial court erred in deciding that the State Tax Division complied with the notice requirements for the sale of defendant's property for delinquent taxes. We reverse.

## PERTINENT STATUTES

NMSA 1978, Section 7–38–66 (Repl.1986) sets forth the state's duties to notify interested parties of the sale of property to satisfy delinquent property taxes. Section 7–38–66(A) requires that the Tax Division notify the property owner of the impending sale at least twenty days before the tax sale by certified mail, return receipt requested, to the address shown on the most recent tax schedule. Section 7–38–66(C) provides that failure of the Division to mail the notice by certified mail, return receipt requested, or failure of the Division to receive the return receipt shall invalidate the sale, provided, however, that when a return receipt is returned to the Division indicating that the taxpayer does not reside at the current address shall be deemed adequate notice and shall not invalidate the tax sale.

NMSA 1978, Section 7–38–67(A) (Repl. 1986) provides that real property with taxes delinquent for more than three years may be sold at public auction. Section 7–38–67(B) requires that prior to the sale, the Property Tax Division must publish notice of the impending sale in a newspaper of general circulation for at least three weeks preceding the tax sale. There is no requirement in New Mexico for notice by personal service to mortgagees of property

that is to be sold for delinquent taxes. *Macaron v. Associates Capital Services Corp.*, 105 N.M. 380, 733 P.2d 11 (Ct.App. 1987).

In 1973, the New Mexico legislature eliminated the statutory redemption period for property owners to repurchase property sold at a tax sale. *See* 1973 N.M. Laws, ch. 258, § 156, repealing former act, codified in part at NMSA 1953, Repl.Vol. 10 (1961) §§ 72–8–1 to 52.

The new code, conversely, eliminated the right of redemption, the right of repurchase, and the initial transfer of the property from the county treasurer to the state. Once a sale is conducted of the taxpayer's property by the Division, Sections 7–38–65 to 70, payment by the tax sale purchaser is to be made "in full by the close of the public auction before an offer may be deemed accepted by the division." § 7–38–67(F). The deed conveyed to the purchaser upon receipt of payment, Section 7–38–70(A), is not subject, under the terms of Section 7–38–70(B)–(D), to a right of redemption or repurchase. The statutory language, reflecting the legislative intent, makes the sale final, subject only to the challenges enumerated in Section 7–38–70(D). These challenges are, generally, the only permissible methods for attacking the validity of the sale and deed. They represent the "curative feature" of the new code, which is a continuation of the "curative feature" of the old. *See Wine v. Neal*, 100 N.M. 431, 671 P.2d 1142 (1983). *Cano v. Lovato*, 105 N.M. 522, 527, 734 P.2d 762, 767 (Ct.App.1986).

The property owner has certain obligations as well. NMSA 1978, Section 7–38–8(A) (Repl.1986) requires the owner to report all parcels of real property to the Property Tax Division each year for its valuation for property tax purposes. More generally, NMSA 1978, Section 7–38–47 (Repl.1986), states that property taxes are the personal obligation of the property owner and the owner may suffer a personal judgment for the delinquent payment of property taxes.

## CURRENT LAW

New Mexico cases regarding the validity of property tax sales are in disagreement. There are cases that have affirmed tax sales even though the notice of sale was somehow deficient. A tax sale will not be invalidated under the curative act for failure to give, or of the taxpayer to receive, notice of taxes due or that the redemption time is about to expire. *Bailey v. Barranca*, 83 N.M. 90, 488 P.2d 725 (1971). We note that this oft-cited case was decided prior to 1973 when a New Mexico property owner still had the statutory redemption period available in which to repurchase property after a tax sale. We also emphasize that New Mexico is but one of only four states which provides no statutory protection for the delinquent property taxpayer, whether by right of redemption or by judicial foreclosure proceeding, before a tax sale is final. *See, e.g.,* Conn.Gen.Stat. §§ 12–155 to –158; Ky.Rev.Stat.Ann. §§ 134–450 to –500; (Cum.Supp.1986) N.C. Gen.Stat. §§ 105–366 to –376 (Cum.Supp. 1987); *see also* Conn.Gen.Stat. § 12–172 (1987); Ky.Rev.Stat.Ann. § 134–510 (Cum. Supp.1986).

The New Mexico Supreme Court has consistently held, however, that failure to give or receive notice of taxes due or of the expiration of the time allowed for redemption will not invalidate a subsequent sale. *Worman v. Echo Ridge Homes Cooperative, Inc.*, 98 N.M. 237, 647 P.2d 870 (1982); *Bailey v. Barranca; Lawson v. McKinney*, 54 N.M. 179, 217 P.2d 258 (1950). Failure of the [Taxation and Revenue] Department to send notice to the owner's last known address will not amount to constructive fraud. *Worman.* The court has refused to invalidate a tax sale when the property owner's address was incorrectly printed on the certified letter, but the letter was nonetheless delivered to the right address. *Wine v. Neal*, 100 N.M. 431, 671 P.2d 1142 (1983). Given the lack of a redemption statute in New Mexico, however, the notice requirement of Section 7–38–66 must be closely scrutinized to determine whether the tax sale here was constitutionally valid.

New Mexico courts have likewise invalidated tax sales for deficiencies in the notice of sale to the property owner. In *Buescher v. Jaquez*, 101 N.M. 2, 677 P.2d 615 (1983), the supreme court held that when the property owners made diligent efforts to notify the county officials of their change of address by sending a family member to personally deliver the change of address form, but the county officials failed to make the proper change of address on the tax rolls, there existed substantial evidence to find that the County Treasurer failed to give the owner adequate notice of the tax sale. Hence, the *Buescher* sale was invalid. Since defendant in the present case made efforts comparable to those in *Buescher*, the sale here was likewise invalid.

In *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), the United States Supreme Court held that "[n]otice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of *any* party, whether unlettered or well versed in commercial practice, if its name and address are reasonably ascertainable." *Id.* at 800, 103 S.Ct. at 2712 (emphasis in the original). *Mennonite Board* was controlled by *Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), in which the Supreme Court recognized that a state must provide "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" prior to an action that will affect interests in life, liberty or property protected by the Due Process Clause of the Fourteenth Amendment. *Id.* at 314, 70 S.Ct. at 657. In light of the current lack of a statutory redemption period, these constitutional standards are particularly applicable to New Mexico cases involving the sale of real property for delinquent taxes.

Furthermore, this court recently recognized that the *Mennonite Board* court did not impose any extraordinary obligation on the state to discover the identity of an interested party when there is to be a tax sale; rather, the court required "reasonably diligent efforts" to discover names and addresses of those whose interest could be ascertained. *See Macaron v. Associates Capital Services Corp.* Because of the importance of the interests involved here, the Property Tax Division should likewise be held responsible for making "reasonably diligent efforts" to contact interested parties whose identities are ascertainable. In the present case, the record indicates that defendant sent two letters requesting address changes, but the county failed to act upon those requests. Furthermore, the Property Tax Division might have located defendant by contacting the Gallup post office for a forwarding address. The Division also failed to comply with its own regulations concerning on-site posting of delinquency notice. Given these omissions by both the County and the Division, we find the trial court decision validating the tax sale in error.

## JUDGMENT INCONSISTENT WITH FINDINGS

We recognize that the reviewing court must liberally construe the trial court's findings of fact to sustain a judgment, if possible. *Wine v. Neal.* However, a judgment cannot be sustained on appeal unless the conclusion upon which it is based finds support in the findings of fact. *Watson Land Co. v. Lucero*, 85 N.M. 776, 517 P.2d 1302 (1974). Likewise, a judgment inconsistent with the trial court's findings cannot be sustained on appeal.

The record here indicates that defendant made efforts to comply with his obligations, including the payment of taxes for 1975, 1976 and 1977. The trial court found that defendant properly notified the Gallup post office of his change of address, and as a result the 1977 tax bill was forwarded to the Indiana address. The trial court also found that the 1977 tax payment contained a letter requesting a change of address, and that the new address appeared not only in the body of the letter, but also on the check, stationery and envelope. The trial court established that the County Treasurer received the letter and deposited the check, but failed to accomplish the change of address. The trial court refused to find that defendant sent a second change of

address request in 1981. All of these findings strengthen defendant's case and indicate that defendant's efforts to notify the county officials were never acted upon.

The trial court findings also reveal that the Property Tax Division never properly notified defendant of the tax delinquency. It therefore appears that the Division failed to comply with the notice requirements in Section 7–38–66. The trial court found that the Division sent the first notice of delinquent taxes in September 1981 to "C.O. Nelson Etal" at a Gallup post office box. C.O. Nelson, however, was not the property owner. The post office returned that notice. The court also found that the Property Tax Division sent the notice of sale to the following individuals: "C.O. Nelson Etal and Derek, J.M.D. Sharvelle," in care of the same Gallup post office box. The post office returned this notice as undeliverable, and with the notation that the forwarding order had expired. The county officials could have made "reasonably diligent efforts," as required by *Mennonite Board,* to discover the proper address by contacting the post office for the interested party's forwarding address.

The record shows that the Property Tax Division failed to follow other statutory procedures as well. In a supplemental finding, the court determined that the published notice required under Section 7–38–67 was in error. The notice indicates that "C.O. Nelson Etal" is the property owner and, although defendant's name appears in the notice, the lack of indentation for the property description produces the confusing and unclear appearance that the property description is actually part of the previously listed property description. The state officials should have known that defendant was the proper party to notify since there was evidence that the defendant had recorded a 1979 warranty deed from prior owner Nelson upon pay-off of the real estate contract.

Finally, there were supplemental findings indicating that the Property Tax Division failed to follow its own procedures. Officials from the Division attempted to visit the property prior to sale, but they failed to attach a "red tag," as required by internal guidelines, to a prominent object on the property to serve notice of the impending tax sale. Although the failure to "red tag" the property does not amount to a breach of an equitable duty, *Worman v. Echo Ridge Homes Cooperative, Inc.,* such failure weighs against the Property Tax Division in a case such as this where the property owner received no notice, written or published. Based upon the foregoing, we hold that the trial court's judgment quieting title in plaintiffs is not supported by the findings and, therefore, cannot be sustained.

CONCLUSION

In spite of defendant's efforts to notify the County Treasurer of his change of address, defendant's address remained incorrect on the tax rolls. Accordingly, the Property Tax Division's subsequent attempt to notify defendant of the delinquent taxes and of the tax sale failed. Such error was due primarily to the County Treasurer's initial failure to properly record defendant's new address. Defendant should not be punished for the county's omission. The sale is therefore invalid.

The judgment of the district court quieting title to the property in plaintiffs is reversed, and this case is remanded with instructions to void the tax sale. Defendants shall be awarded costs of appeal.

IT IS SO ORDERED.

GARCIA and APODACA, JJ., concur.