871 P.2d 27

Donna J. HOFFMAN, Plaintiff–Appellant,

v.

STATE of New Mexico, TAXATION AND REVENUE DEPARTMENT, PROPERTY TAX DIVISION, and Heraldo Lucero, Defendants–Appellees.

No. 14415.

Court of Appeals of New Mexico.

Feb. 15, 1994.

Frederick M. Mowrer, Law Offices of Raymond G. Sanchez, Albuquerque, for plaintiff-appellant.

Tom Udall, Atty. Gen., Margaret B. Alcock, Sp. Asst. Atty. Gen., Taxation and Revenue Dept., Santa Fe, for defendants-appellees State of NM, Taxation and Revenue Dept., and Property Tax Div.

Leo C. Kelly, Law Offices of Leo C. Kelly, Albuquerque, for defendant-appellee Heraldo Lucero.

## OPINION

FLORES, Judge.

■ This case involves, first, a challenge to a tax sale in which the delinquent taxpayer contends the State failed to comply with either statutory or constitutional due process requirements prior to the tax sale, and second, the effect the statute of limitations has on that challenge. *See* NMSA 1978, §§ 7–38–66 & –70 (Repl.1986). Although the trial court order cites to the 1990 Replacement Pamphlet, and the parties do not contest this point on appeal, we apply the provisions in the 1986 Replacement Pamphlet as the relevant law because the tax sale took place in November 1988. The applicable property tax law is the law in effect at the time of the tax sale. *Tabet v. Campbell,* 101 N.M. 334, 336, 681 P.2d 1111, 1113 (1984).

Donna Hoffman's (Hoffman) real property was sold for delinquent taxes on November 10, 1988, to Heraldo Lucero (Lucero) by the Taxation and Revenue Department (the Department). On February 5, 1992, Hoffman filed a Complaint to Avoid Conveyance, requesting the property tax deed issued to Lucero be set aside. On October 28, 1992, the trial court determined that Hoffman's complaint was barred by the two-year statute of limitations pursuant to Section 7–38–70. The trial court later stayed its judgment pending the appeal and enjoined Lucero from selling or encumbering the property at issue.

The issues we must decide in this case are: (1) whether Sections 7–38–70(C) and (D) read together bar Hoffman from contesting the tax sale even if the Department failed to comply with statutory and constitutional due process notice requirements; (2) whether Hoffman's constitutional due process right to notice was violated; and (3) whether the tax sale is invalid. We reverse the trial court's imposition of the statute of limitations, and, based on the record before us, we hold that the Department failed to give Hoffman minimum due process notice of the impending tax sale. We further hold that the tax sale is invalid as a result of this due process violation.

## FACTS

The facts are not in dispute. The real property in question was sold on November 10, 1988, for delinquent payment of taxes for the years 1985 through 1988. Hoffman moved from New Mexico to New York and, on August 8, 1988, submitted a change of address to the Bernalillo County Assessor.

Subsequent to her move to New York, Hoffman received, at her New York address, assessment notices and property tax bills, which she paid, for the mobile home located on the real property in question. However, Hoffman received no mail regarding the real property at the New York address. The Department concedes it sent no notice to the New York address regarding the real property. The Department further acknowledges that notice was mailed only to Hoffman's old address and such notice was returned to the Department by the United States Post Office with a stamp indicating that the forwarding address had expired. On August 3, 1988, the Department completed its Delinquent Property Report which verified the names and addresses of the parties holding a property interest on the property in question and to whom notice needed to be sent regarding the impending tax sale. The record before us indicates that no further efforts to locate Hoffman or to update Hoffman's address prior to the tax sale were made by the Department.

*ISSUE ONE: STATUTE OF LIMITATIONS*

■ Although Hoffman does not separately identify her statutory and constitutional arguments, she appears to contend that the trial court erred in applying the two-year statute of limitations found in Section 7–38–70(C) because the Department failed to give her sufficient notice to meet either the statutory provisions of Section 7–38–66 or constitutional due process requirements. In support of her constitutional argument, Hoffman relies on both federal and state constitutional law that provides that a delinquent taxpayer is entitled to " '[n]otice by mail or other means as certain to ensure actual notice' " and that such notice " 'is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of *any* party, whether unlettered or well versed in commercial practice, if its name and address are reasonably ascertainable.' " *Chavez v. Sharvelle*, 106 N.M. 793, 796, 750 P.2d 1119, 1122 (Ct.App.) (quoting *Mennon-*

*ite Bd. of Missions v. Adams*, 462 U.S. 791, 800, 103 S.Ct. 2706, 2712, 77 L.Ed.2d 180 (1983)), *cert. denied*, 107 N.M. 16, 751 P.2d 700 (1988).

Although the Department contends that the legislature intended to apply Section 7–38–70(C) even where the State failed to comply with the notice requirements of Section 7–38–66 and federal and state constitutional due process requirements, we do not find the Department's argument persuasive.

The Department fails to address the significance of an individual property owner's constitutional due process right to notice prior to a governmental taking and fails to acknowledge the stringent notice requirements inherent in such a right. *See Tulsa Professional Collection Servs., Inc. v. Pope*, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988); *Mennonite Bd. of Missions*, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180; *Patrick v. Rice*, 112 N.M. 285, 814 P.2d 463 (Ct.App.), *cert. denied*, 112 N.M. 308, 815 P.2d 161 (1991). Nor does the Department recognize the added importance of adequate notice in a jurisdiction such as New Mexico which no longer has a redemption statute.[1] *See Chavez*, 106 N.M. at 796, 750 P.2d at 1122 ("In light of the current lack of a statutory redemption period, these constitutional standards are particularly applicable to New Mexico cases involving the sale of real property for delinquent taxes."). Instead, the Department relies upon: (1) a case which predates applicable due process notice requirements, *see Moore v. National Bank*, 35 N.M. 300, 295 P. 424 (1930); (2) a case which predates the repeal of New Mexico's redemption statute, *see Coulter v. Gough*, 80 N.M. 312, 454 P.2d 969 (1969); and (3) the constitutionality of statutes of limitations under the Medical Malpractice Act, *see Roberts v. Southwest Community Health Servs.*, 114 N.M. 248, 837 P.2d 442 (1992); *Kern v. St. Joseph Hosp.*, 102 N.M. 452, 697 P.2d 135 (1985), and the Tort Claims Act, which, by the Department's own admission, are supported by significantly different policy con-

---

1. The statutory redemption period for property owners to repurchase property sold at a tax sale was eliminated by the New Mexico Legislature in 1973. *See* 1973 N.M. Laws, ch. 258, § 156, repealing former act, codified in part at NMSA 1953, §§ 72–8–1 to –51; 72–8–52.1 & –52.2 (Repl.Vol. 10 (1961)).

siderations than those underlying a tax sale, *see Jaramillo v. State,* 111 N.M. 722, 809 P.2d 636 (Ct.App.), *cert. denied,* 111 N.M. 416, 806 P.2d 65 (1991).

■ In interpreting a statute, the reviewing court presumes that the legislature kept within the bounds of the constitution. *Seidenberg v. New Mexico Bd. of Medical Examiners,* 80 N.M. 135, 138–39, 452 P.2d 469, 472–73 (1969). This Court indulges in every presumption favoring constitutionality. *See Board of Directors of Memorial Gen. Hosp. v. County Indigent Hosp. Claims Bd.,* 77 N.M. 475, 477, 423 P.2d 994, 996 (1967). Furthermore, in statutory construction, all parts of an act relating to the same subject matter are to be construed together. *Kendrick v. Gackle Drilling Co.,* 71 N.M. 113, 117, 376 P.2d 176, 178 (1962). Accordingly, we interpret Section 7–38–70(C) together with Section 7–38–70(D)(2).

Section 7–38–70(C) provides:

After two years from the date of sale, neither the former real property owner shown on the property tax schedule as the delinquent taxpayer nor anyone claiming through him may bring an action challenging the conveyance.

Section 7–38–70(D) further provides:

Subject to the limitation of Subsection C of this ˙section, in all controversies and suits involving title to real property held under a deed from the state issued under this section, any person claiming title adverse to that acquired by the deed from the state must prove, in order to defeat the title, that:

. . . .

(2) the division failed to mail the notice required under Section 7–38–66 NMSA 1978 or to receive any required return receipt[.]

Read together, Sections 7–38–70(C) and (D)(2) contemplate defects in the statutory notice requirements set forth in Section 7–38–66 and would therefore apply to bar a claim brought on the basis of the State's failure to strictly adhere to the specific statutory notice requirements. However, we will not add words to the statute of limitations nor will we interpret the statute so broadly

as to apply where no notice was given or where an interested party's constitutional minimum due process right was violated. To do so would render the statute unconstitutional. *See Tulsa Professional Collection Servs.,* 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565. In *Tulsa Professional Collection Services,* Oklahoma's nonclaim statute, which was a non self-executing statute of limitations, was held to violate the due process clause because actual notice was required rather than mere publication notice. The United States Supreme Court also held that although a state has a legitimate interest in the expedited resolution of probate proceedings, creditors have a substantial practical need for actual notice and requiring actual notice is not so cumbersome as to unduly hinder the speed with which probate proceedings can be conducted. *See also Mennonite Bd. of Missions,* 462 U.S. at 799–800, 103 S.Ct. at 2711–12; *Patrick,* 112 N.M. at 288–89, 814 P.2d at 466–67 (due process requires that reasonable diligent efforts be made to notify those individuals holding a property interest who are reasonably ascertainable).

*ISSUE TWO: DUE PROCESS*

■ Hoffman contends that the Department violated her constitutional right to minimum due process by failing to provide notice of the impending tax sale which adversely affected her property interest. *See Mennonite Bd. of Missions,* 462 U.S. at 799–800, 103 S.Ct. at 2711–12; *Patrick,* 112 N.M. at 288–89, 814 P.2d at 466–67. The lack of notice was so egregious that Hoffman asserts she was not aware that her real property had been sold until January 1992 when Lucero initiated eviction proceedings against Hoffman's tenants who were residing in the mobile home owned by Hoffman and located on the tract of real property in question. Hoffman further contends that her address was "reasonably ascertainable" and that the Department failed to make "diligent" efforts to locate her. *See Mennonite Bd. of Missions,* 462 U.S. at 800, 103 S.Ct. at 2712. In support of the argument that her address was reasonably ascertainable, Hoffman relies on the fact that she submitted a change of address to the Bernalillo County Assessor's

Office on August 8, 1988, more than three months before the tax sale. Furthermore, Hoffman relies on the uncontested fact that the Department failed to update its records between the time of its August 3, 1988 report and the November 10, 1988 tax sale even though the Department was aware that the address they were using for Hoffman was no longer correct.

The Department concedes that it failed to comply with constitutional due process notice requirements as regards Hoffman's property. Although we are not bound by the Department's concession on this point, *see State v. Maes*, 100 N.M. 78, 80–81, 665 P.2d 1169, 1171–72 (Ct.App.1983), we are in agreement with it under the facts of this case. ·

■ In determining whether a search undertaken by the Department satisfies constitutional due process requirements, the question is whether the identity and location of the taxpayer was reasonably ascertainable. *Brown v. Greig*, 106 N.M. 202, 206, 740 P.2d 1186, 1190 (Ct.App.), *cert. denied*, 106 N.M. 174, 740 P.2d 1158 (1987). Both the question of adequacy of the notice and the question of whether the taxpayer's new address was reasonably ascertainable at the time of the impending tax sale are questions of law. *Patrick*, 112 N.M. at 289–90, 814 P.2d at 467–68. However, the circumstances surrounding the determination of ascertainability are questions of fact. *Id.* at 289, 814 P.2d at 467 ("The circumstances surrounding the ascertainability of the address, such as the existence of electricity service to the cabin or whether plaintiffs gave their change of address to the county, are questions of fact."). Furthermore, it is clear that Hoffman is entitled to minimum due process notice of the sale even if she had knowledge of the tax delinquency. *See Mennonite Bd. of Missions*, 462 U.S. at 800, 103 S.Ct. at 2712 ("[A] mortgagee's knowledge of delinquency in the payment of taxes is not equivalent to notice that a tax sale is pending."). Hoffman would also be entitled to such notice even if she could have done more to ensure having received notice. *See Patrick*, 112 N.M. at 288, 290, 814 P.2d at 466, 468 (The state violated delinquent taxpayers' constitutional due process right of notice of impending tax sale

where taxpayers did not notify county of their change of address and taxpayers were aware county did not have their current address. Had the state more diligently investigated, the state could have ascertained the correct address because two days prior to the tax sale the correct address was retrievable from the state's files, and the state was in possession of a five-year-old check with taxpayers' correct address and telephone number. The state could also have ascertained the correct address by checking with the local utility company for billing information for the cabin located on the real property, or by posting a tax delinquency tag on the property which might have alerted someone who might in turn have contacted the taxpayers.).

In the instant case, although Hoffman was under no affirmative requirement to give notice of her new address, she did so. Furthermore, this information was available to the Department more than three months prior to the tax sale, and had the Department updated its investigation prior to the November tax sale, this information would have been discovered. Nor should Hoffman be penalized for any administrative muddle which prevented the county assessor's office from forwarding Hoffman's change of address to the Department. *See Chavez*, 106 N.M. at 797, 750 P.2d at 1123. In addition, there is no indication that Hoffman was aware the Department was unable to reach her regarding the real property since mail regarding the mobile home assessment and property taxes had been successfully delivered to Hoffman at her New York address.

For these reasons, we hold that the notice of the sale was constitutionally inadequate under both the United States and New Mexico Constitutions. *See* U.S. Const. amend. XIV, § 1; N.M. Const. art. II, § 18; *Mennonite Bd. of Missions*, 462 U.S. at 800, 103 S.Ct. at 2712; *Patrick*, 112 N.M. at 288–90, 814 P.2d at 466–68. Accordingly, we need not address the issue of whether the Department failed to comply with the statutory requirement of Section 7–38–66 in the instant case.

*ISSUE THREE: VALIDITY OF TAX SALE*

We find that our resolution of issues one and two disposes of issue three. Whether a tax sale is valid depends upon compliance with both statutory and constitutional due process. *Fulton v. Cornelius,* 107 N.M. 362, 365, 758 P.2d 312, 315 (Ct.App.1988). Hoffman was a reasonably ascertainable property owner. *See Patrick,* 112 N.M. at 289–90, 814 P.2d at 467–68. The Department violated Hoffman's due process rights by failing to provide adequate notice. Therefore, the tax sale was invalid. Although Section 7–38–70 bars an action for defective statutory notice after two years, it does not bar action for a violation of the taxpayer's constitutional right to notice. *See Tulsa Professional Collection Servs.,* 485 U.S. at 490–91, 108 S.Ct. at 1347–48.

*CONCLUSION*

For the reasons stated above, we reverse and remand to the trial court with instructions to void the tax sale. Costs on appeal are awarded to Hoffman.

**IT IS SO ORDERED.**

BIVINS and BLACK, JJ., concur.