This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**FRANCISCO VALENZUELA and**
**RACHEL VALENZUELA,**

Plaintiff-Appellees,

v.                                                                      **No. 35,313**

**STATE OF NEW MEXICO TAXATION**
**& REVENUE DEPARTMENT, PROPERTY**
**TAX DIVISION,**

Defendant,

and

**ALLAN D. SNYDER and SHERRY L. SNYDER,**

Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Fred T. Van Soelen, District Judge**

Eric D. Dixon
Portales, NM

for Appellees

Allan D. Snyder and Sherry L. Snyder
Greeley, CO

Pro Se Appellants

<b>MEMORANDUM OPINION</b>

**VIGIL, Judge.**

{1}    This is the second appeal to have been generated by this case, which was initiated by Plaintiffs to set aside a sale conducted by the department of taxation and revenue ("the State") because of a property tax deficiency. [1 RP 1] Before turning to the sole issue presented by this second appeal, we briefly outline the procedural history of the case.

{2}    The Plaintiffs' original complaint, which was styled as a "complaint to avoid conveyance," asserted that the State failed to give them proper notice of any tax deficiency or of the pending tax sale. [1 RP 2-3] Several months after initiating suit, the Plaintiffs filed an amended complaint adding Allan D. Snyder and Sherry L. Snyder, who purchased the property at the tax sale, as defendants, asserting that the purchase price was so low as to be unconscionable. [1 RP 49-52] Following the entry of a partial summary judgment against the Snyders on that basis, the case was appealed to this Court, which held that an inadequate purchase price is not a valid basis for voiding a tax sale. *Valenzuela v. Snyder et al.*, 2014-NMCA-061, ¶ 25, 326 P.3d 1120.

{3}    Following remand, Plaintiffs filed a second motion for summary judgment, asserting their original argument that they were not provided with prior notice of the

2

tax delinquency sale as required by NMSA 1978 § 7-38-66 (2001). [2 RP 292-93] Before the district court ruled upon that motion, the Snyders asserted that they were entitled to a judgment on the basis of this Court's mandate in the first appeal and the district court agreed, entering an order by which Plaintiffs' claim against the Snyders was dismissed with prejudice. [2 RP 300, 377-78] Once the Snyders were dismissed from the case, the district court denied the pending summary judgment motion and held a hearing on the merits. [2 RP 373-76, 381-86] That hearing resulted in findings that the State had, in fact, failed to provide Plaintiffs with the required notice and, ultimately, a judgment against the State. [2 RP 387-391, 394-95] That judgment purports to set aside the sale at which the Snyders purchased the property that is the subject of this case. [2 RP 394]

{4} The Snyders then filed their notice of appeal to this Court [2 RP 396], and Plaintiffs responded with a notice of lack of jurisdiction for appeal suggesting that, because the Snyders were dismissed from this case two months before the entry of the judgment that they now seek to appeal, this Court lacks jurisdiction. [NOTICE 1-2] Our calendar notice agreed that Plaintiffs' claims against the Snyders had been dismissed and, noting that non-parties are not bound by judgments entered in their absence, proposed to dismiss on the basis that the Snyders are not aggrieved by the

entry of a judgment that cannot affect them or their interest in the realty underlying this case. [CN 3-4]

{5} In response to that notice, Plaintiffs have filed a memorandum agreeing that this appeal should be dismissed, but asserting that the reason the Snyders are not aggrieved is that they never had any interest in the property, rather than because the judgment does not affect that interest. [MIO 2-3, 6-7] Having duly considered that memorandum, we are unpersuaded.

{6} In their memorandum, Plaintiffs cite to multiple precedents for the proposition that a tax sale conducted without proper notice is void from the outset. [MIO 2-3] That rule was applied in the cases of *Chavez v. Derek J. Sharvielle, M.D., P.A.,* 1988-NMCA-005, 106 N.M. 793, 750 P.2d 1119; *Cochrell v. Mitchell,* 2003-NMCA-094, 134 N.M. 180, 75 P.3d 396; and *Pratt v. Parker*, 1953-NMSC-005, 57 N.M. 103, 255 P.2d 311, all of which are relied upon by Plaintiffs. But the validity of a tax sale is not the issue raised by Plaintiffs' notice. Instead, the issue before this Court is whether the district court's decision that the tax sale was invalid can be enforced against the Snyders despite their absence from the lawsuit in which that question was answered. In addressing that issue, we note that in all of the cases cited by Plaintiffs, the tax sale purchasers were parties to the suits in which the tax sales were litigated. *Chavez* and *Cochrell* were both quiet title actions brought by the

4

purchasers, and in *Pratt,* the tax sale purchasers and a subsequent transferee were the named defendants. *Chavez*, 1988-NMCA-005, ¶ 2; *Cochrell*, 2003-NMCA-094, ¶ 1; *Pratt*, 1953-NMSC-005, ¶ 1.

{7}     We find no case in which a tax deed was declared void without the putative title-holder under that deed being joined in the litigation at the time of judgment. And, more importantly, Plaintiffs direct us to no such case. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (noting that in the absence of cited authority to support an argument, this Court may assume that no such authority exists). It would appear that the putative owners of the property at issue in the case were necessary parties to the suit if Plaintiffs were to obtain the relief that they seek. As our calendar notice pointed out, anyone "whose interests will necessarily be affected by a judgment in a particular case" is generally an indispensable party. [CN 3 (quoting *Home Fire & Marine Ins. Co. v. Schultz*, 1969-NMSC-113, ¶ 6, 80 N.M. 517, 458 P.2d 592)] And, more to the point, absent parties are not bound by a judgment entered, by virtue of the fact that they are not before the court. [Id.] Plaintiffs' memorandum simply does not address that problem or otherwise explain how the Snyders can by bound by the judgment entered below.

{8}     The Snyders, who are not represented by counsel, have also filed a memorandum in response ("MIR") to our calendar notice asking for clarification

5

regarding our proposed disposition of this appeal. In that memorandum, the Snyders propose that Plaintiffs' only remaining remedy in this case may be to seek monetary damages from the State, and ask this Court to explicitly say so in this opinion. [MIR 1] The Snyders' request effectively asks that we issue a ruling proscribing Plaintiffs from pursuing any further action against their putative interest in the subject matter of this suit. It is not the proper role of an appellate court, however, to issue an "advisory opinion in the absence of a justiciable issue." *Insure New Mexico, LLC v. McGonigle*, 2000-NMCA-018, ¶ 27, 128 N.M. 611, 995 P.2d 1053. And doing so in this case would require that we guess at what course of action Plaintiffs choose to pursue in the future. Ultimately, we are in no position to speculate whether any path remains for Plaintiffs to pursue the return of the property at issue in this case. And, because it would not be proper to do so, we decline the Snyders' invitation to rule upon the propriety of actions not yet taken.

{9} Because the judgment on appeal cannot be enforced against the Snyders, who were not before the district court when that judgment was handed down, we hold that the Snyders are not aggrieved parties for purposes of appeal and, accordingly, dismiss this appeal for want of jurisdiction.

{10} **IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**JULIE J. VARGAS, Judge**