This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-37744**

**ZETA SHEARILL,**

Plaintiff-Appellant,

v.

**MOHAMMAD-ALI AMINI-GHOMI, SYAVOSH AMINI, ZIA MOTOR COMPANY, and WESTERN SURETY COMPANY,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Mary W. Rosner, District Judge**

Feferman, Warren & Mattison
Nicholas H. Mattison
Albuquerque, NM

for Appellant

Martin & Lutz, P.C.
David P. Lutz
Las Cruces, NM

for Appellees

**MEMORANDUM OPINION**

**B. ZAMORA, Judge.**

**{1}**     This appeal stems from claims filed, pursuant to the Unfair Practices Act (UPA), NMSA 1978, §§ 57-12-1 to -26 (1967, as amended through 2019), and for fraud, based upon allegations that Defendants Mohammad-Ali Amini-Ghomi (Ali) and Zia Motor Company (Zia) deliberately failed to disclose that a vehicle Plaintiff Zeta Shearill purchased from Defendants was a salvage title vehicle that had previously suffered

damage and was unsafe to drive. Shearill appeals the district court's order granting summary judgment in favor of all Defendants. We reverse.

## BACKGROUND

**{2}** Defendant Ali owned and operated Zia, a used car dealership in Las Cruces, New Mexico. [1] In 2010 Ali purchased a Chevrolet Silverado on behalf of Zia's predecessor in interest, Southwest Auto Brokers, from Mannheim Auto Sales in El Paso, Texas for $6,600. At the time Ali purchased the Silverado, the vehicle was damaged and had a branded or salvage title. Ali registered the vehicle in New Mexico and obtained a New Mexico title. Ali did not disclose that the Silverado had a salvage title in the application for registration. As a result, the New Mexico title does not bear a salvage brand.

**{3}** Sometime in early 2014, Shearill experienced problems with her vehicle, a Volkswagen Beetle. Shearill contacted Ali, now doing business as Zia, and entered into a contract to purchase the Silverado for $14,800 (the Purchase Contract). In order to finance the purchase of the Silverado, Shearill entered into a bank installment loan contract with Central Loan Company (the Financing Contract) using the Silverado as collateral. Central Loan paid Zia the loan proceeds of $10,725 on Shearill's behalf.

**{4}** Shearill alleges she first learned that the Silverado was damaged when she took the vehicle to an automobile mechanic because one of the lights had stopped working. After learning of the damage, Shearill stopped making payments to Central Loan on the Silverado, and contacted Ali and asked him to "undo the sale of the Silverado." In response, Ali located another customer, Louis Rivera, who was willing to take over the loan payments, but Central Loan refused to accept the funds that would have brought the loan up to date, and instead demanded that Shearill surrender the Silverado. Shearill surrendered the Silverado to Central Loan Company in late October 2014.

**{5}** Thereafter, Shearill sued Defendants for fraud, misrepresentation, and violation of the UPA. During the proceedings before the district court, Defendants moved for summary judgment, alleging that Shearill had not made an adequate showing with respect to damages. Defendants further argued that Shearill "rescinded" the contract, and that "as a matter of law, [Shearill] [could not] claim benefit of the bargain damages because she did not affirm and ratify the contract."

**{6}** The district court entered summary judgment in favor of Defendants on all counts. In relevant part, the district court found that Shearill failed to establish the quantum of actual damages available, and that Shearill was not entitled to benefit of the bargain damages because Shearill "reject[ed] or rescind[ed] by conduct the contract she now asks the court to rely upon." The remaining rulings of the district court are not subject to this appeal.

---

1Defendant Syavosh Amini was a co-owner of Zia and Defendant Western Surety Company was Zia's insurer during the relevant time period.

**DISCUSSION**

**{7}** Summary judgment is appropriate only where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 1-056(C) NMRA. "[T]he party opposing summary judgment has the burden to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Horne v. Los Alamos Nat'l Sec., L.L.C.*, 2013-NMSC-004, ¶ 15, 296 P.3d 478. "Summary judgment is reviewed on appeal de novo." *Romero v. Philip Morris Inc.*, 2010-NMSC-035, ¶ 7, 148 N.M. 713, 243 P.3d 280 (internal quotation marks and citation omitted). "When reviewing a trial court's grant of summary judgment, we view the facts in the light most favorable to the party opposing summary judgment, drawing all inferences in favor of that party." *Gormley v. Coca-Cola Enters.*, 2005-NMSC-003, ¶ 8, 137 N.M. 192, 109 P.3d 280 (internal quotation marks and citation omitted).

**I.    The District Court Erred in Finding That Shearill Rejected the Contract**

**{8}** Shearill asserted that she was entitled to benefit of the bargain damages with respect to her fraud and UPA claims.[2] Defendants in their motion for summary judgment argued that Shearill was not entitled to benefit of the bargain damages because she rejected "the contract,"[3] and therefore Defendants were entitled to judgment as a matter of law on Shearill's claims. The district court agreed with Defendants and found that

> Plaintiff had willingly stopped payment on the vehicle, voluntarily returned the vehicle and stopped making payments on the vehicle. . . . [T]his is a wholesale rejection of the contract. Plaintiff cannot reject or rescind by conduct the contract she now asks the court to rely upon to find damages in her favor.

Shearill argues on appeal that she "never rejected, revoked, or otherwise rescinded either [the Purchase Contract] with Zia or the [Financing Contract] with Central Loan Co."

**{9}** Benefit of the bargain damages are only recoverable under a theory that the contract remains binding on the parties and that the plaintiff affirmed the contract. *See Thrams v. Block*, 1938-NMSC-072, ¶¶ 12-13, 43 N.M. 117, 86 P.2d 938 (holding that a party alleging fraud in relation to a contract may either rescind the contract and seek possible restitution or special damages, or affirm the contract and sue for benefit of the bargain damages). Under the benefit of the bargain rule, "the defrauded purchaser may recover the difference between the real and the represented value of the property,

---

2Damages for fraud and misrepresentation brought under the UPA are appropriately measured by the "benefit of bargain" rule. *Stewart v. Potter*, 1940-NMSC-052, ¶ 16, 44 N.M. 460, 104 P.2d 736 (internal quotation marks omitted); *see also Lohman v. Daimler-Chrysler Corp.*, 2007-NMCA-100, ¶ 5, 142 N.M. 437, 166 P.3d 1091 (applying the UPA to allegations of misleading, false, or deceptive statements).
3The district court did not distinguish between the Purchase Contract and the Financing Contract.

regardless of the fact that the actual loss suffered might have been less." *Stewart*, 1940-NMSC-052, ¶ 15. Benefit of the bargain damages are set "at the time of the transaction." *Indus. Supply Co. v. Goen*, 1954-NMSC-107, ¶ 5, 58 N.M. 738, 276 P.2d 509.

**{10}** We focus our analysis on whether Shearill rejected the Purchase Contract because it is the transaction between Shearill and Defendants that serves as the basis for Shearill's claim that she is entitled to benefit of the bargain damages.[4] The Uniform Commercial Code (UCC), NMSA 1978, § 55-1-101 to -12-111 (1961, as amended through 2005), governs rejection of contracts involving the sale of goods, including vehicles. *See Arnold v. Ford Motor Co.*, 1977-NMSC-056, ¶ 8, 90 N.M. 549, 566 P.2d 98 (applying the UCC to determine whether a party rejected or properly revoked acceptance of a vehicle). A party to a contract governed by the UCC affirms that contract if they "fail[] to make an effective rejection." Section 55-2-606(b). To establish rejection, a party "must be able to show that the [rejecting party's] words or acts evinced a distinct, unequivocal, and absolute refusal to perform according to the terms of the agreement." *Gilmore v. Duderstadt*, 1998-NMCA-086, ¶ 15, 125 N.M. 330, 961 P.2d 175 (internal quotation marks and citation omitted). Rejection on the basis of fraud or misrepresentation requires the party seeking to avoid the contract to make an offer to return any money, performance, or other consideration received as part of the transaction once that party learns of the fraud or misrepresentation. *See Honaker v. Ralph Pool's Albuquerque Auto Sales, Inc.*, 1964-NMSC-142, ¶¶ 5-7, 11, 74 N.M. 458, 394 P.2d 978 (holding that a plaintiff was entitled to either reject or affirm a contract where he refrained from using a vehicle, the return of which was rejected by the defendant). Finally, even after an attempt to reject a contract is made, a contract may be affirmed by conduct inconsistent with rejection and avoidance. *See* § 55-2-606(1)(C) ("Acceptance of goods occurs when the buyer . . . does any act inconsistent with the seller's ownership"); *Sisneros v. Citadel Broad. Co.*, 2006-NMCA-102, ¶ 26, 140 N.M. 266, 142 P.3d 34 ("A party may lose the power to avoid a voidable contract if he later ratifies it or fails to act in a manner consistent with repudiation of the agreement after learning of the misrepresentation.").

**{11}** In this case, Shearill brought the Silverado to Ali at Zia and requested to be released from her contract. However, Ali did not explicitly accept or refuse the Silverado. Instead, he located another customer, Rivera, who was willing to take over the loan payments for Shearill. Ali turned the vehicle over to Rivera, who exercised control over the vehicle while Shearill attempted to persuade Central Loan to accept funds from Rivera and apply them to the overdue balance she owed under the Financing Contract. Central Loan refused to accept the funds that would have brought the loan up to date and demanded that Shearill surrender the Silverado. Upon learning that Central Loan would not allow Rivera to take over payments on the Silverado,

---

4We note an important distinction that was not specifically addressed by the district court—Shearill was a party to two separate contracts involving the Silverado: the Purchase Contract between Shearill and Defendants, and the Financing Contract between Shearill and Central Loan. Neither the district court nor Defendants distinguish between the Purchase Contract and the Financing Contract, nor do they specify which of Shearill's actions affected which contract.

Shearill retook possession of the Silverado and personally drove it to Central Loan to surrender it.

**{12}** There are no facts indicating that Defendants possessed the Silverado for more than a brief period between the time Shearill brought it to Zia, and when Rivera took possession. Title to the Silverado never transferred to Zia, and the record does not indicate that Defendants used the Silverado for any purpose before Rivera took possession. Importantly, Shearill reasserted dominion and control over the Silverado after she was unable to persuade Central Loan to allow Rivera to take over the payments. Absent any other evidence establishing rejection, we conclude that the district court erred in its finding as a matter of law that Shearill rejected the Purchase Contract. Because the district court granted summary judgment for Defendants on the ground that benefit of the bargain damages were not available to Shearill because she rejected the contract, we reverse the district court's grant of summary judgment in favor of Defendants.[5]

## II.     Actual Damages Are Not an Element of an UPA Claim

**{13}** Even were we to conclude that Shearill failed to present proof of damages, we nevertheless would reverse the district court's grant of summary judgment on Shearill's UPA claim. The UPA does not require proof of actual damages. The statutory language of the UPA provides,

> [a]ny person who suffers any loss of money or property, real or personal, as a result of any employment by another person of a method, act or practice declared unlawful by the [UPA] may bring an action to recover actual damages or the sum of one hundred dollars ($100), whichever is greater.

Section 57-12-10(B). Defendants argue that this language requires a threshold showing that a person suffered a loss of money or property. However, our Supreme Court has held that proof of actual damages is not required. In *Page & Wirtz Const. Co. v. Solomon*, a contractor brought an action against a restaurant owner to recover amounts allegedly due for restaurant remodeling work. 1990-NMSC-063, ¶ 1, 110 N.M. 206, 794 P.2d 349, *abrogated on other grounds by Gandydancer*, *LLC v. Rock House CGM, LLC*, 2019-NMSC-021, 453 P.3d 434. The owner filed a counterclaim under the UPA alleging that their remodel agreement was an oral contract, and that the written contract was a forgery. *See id.* ¶ 5. The owner proved that the contractor had fabricated the written

---

5To the extent the district court's grant of summary judgment was based on a determination that Shearill failed to produce evidence of benefit of the bargain damages, that ruling was in error. Shearill produced expert testimony supporting such damages, which Defendants did not rebut. The expert opined that "[t]he fair market value of the Silverado was diminished by the undisclosed prior wreck damage, and at the time of sale to . . . Shearill [of the Silverado for $14,800], the fair market retail value was at most $4,000." The district court did not make any factual findings with respect to the amount of damages and based on our review of the record, they remain in dispute. Further, Shearill has dropped any claim of damages other than benefit of the bargain damages, and corresponding punitive and treble damages and attorney fees and costs.

contract and had issued deceptive and misleading invoices in violation of the UPA. *See id.* ¶¶ 6, 17. However, the owner failed to show that any loss of money or property resulted from these violations of the UPA because he never made any payments to the contractor under the forged contract. *See id.* ¶ 19. Nevertheless, our Supreme Court held that the owner could recover statutory damages under the UPA of "one hundred dollars, which may be trebled by the court when the party willfully has engaged in the unfair or deceptive practice." *Id.* ¶ 23; *see also Jones v. Gen. Motors Corp.*, 1998-NMCA-020, ¶¶ 23- 24 124 N.M. 606, 953 P.2d 1104 (holding that the district court erred in linking recovery under the UPA to proof of actual damages and declaring, "[t]hus, [the p]laintiff was only required to put on evidence of his actual losses as it pertained to recovery of actual damages" and "[i]n the absence of actual losses, [the p]laintiff is still entitled under UPA to recover the statutory damages of one hundred dollars[,]" as well as attorney fees and costs as the prevailing party). Similarly, here, we reverse the district court's grant of summary judgment on Shearill's UPA claim because proof of actual damages is not required.

**CONCLUSION**

**{14}** For the foregoing reasons, we reverse the district court's grant of summary judgment.[6]

**{15}   IT IS SO ORDERED.**

**BRIANA H. ZAMORA, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**ZACHARY A. IVES, Judge**

---

6Shearill may raise her request for an award of attorney fees pursuant to Section 57-12-10(C) with the district court.